[No. B088677. Second Dist., Div. Five. May 23, 1996.]

THE PEOPLE, Plaintiff and Respondent, v.
ERIC A. RUSSELL, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

*Parts I., IV., and V. of Discussion (and appropriate footnotes) of this opinion are not certified for publication. (See Cal. Rules of Court, rules 976(b) and 976.1.)

COUNSEL

George L. Mertens, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, John R. Gorey and Mitchell Keiter, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

GODOY PEREZ, J.—Defendant and appellant Eric A. Russell appeals from the judgment entered following a jury trial which resulted in his conviction of second degree robbery, kidnapping during a carjacking and evading an officer. He contends the evidence was insufficient to support the conviction of aggravated kidnapping, and that the trial court erred in failing to instruct on the lesser included offense of unlawful taking of a vehicle, in giving CALJIC Nos. 1.00, 2.01, 2.27 and 2.51, and in failing to give CALJIC No. 2.71.7. After review, we affirm the judgment. In the published portion of this opinion, we conclude that unlawful taking of a vehicle is not a necessarily lesser included offense within kidnapping during a carjacking.

PROCEDURAL BACKGROUND

Defendant was charged by information with two counts of second degree robbery (Pen. Code, § 211) (counts 1 and 2); kidnapping during commission of carjacking (Pen. Code, § 209.5, subd. (a)) (count 3); and willfully evading a pursuing officer (Veh. Code, § 2800.2) (count 4). As to count 2, it was further alleged that he personally used a deadly weapon. (Pen. Code, § 12022, subd. (b).) Defendant's Penal Code section 1118.1 motion as to the personal use of a deadly weapon allegation was granted, and a jury subsequently convicted defendant as otherwise charged.

Defendant was sentenced to a total of life in prison with the possibility of parole comprised of the three-year midterm on count 1 (second degree robbery), plus a consecutive one year (one third the three-year midterm) on count 2 (second degree robbery), plus a consecutive eight months (one third the two-year midterm) on count 4 (evading an officer); plus a life term on count 3 (kidnapping during a carjacking). The determinate sentences imposed on counts 1, 2, and 4, were ordered to be served concurrently with the indeterminate sentence imposed on count 3.

## FACTS

Viewed in accordance with the usual rules on appeal (*People* v. *Ochoa* (1993) 6 Cal.4th 1199, 1206 [26 Cal.Rptr.2d 23, 864 P.2d 103]), the evidence established that at approximately 7 p.m. on December 26, 1993, defendant entered a McDonald's restaurant at 101 Manchester Boulevard in Los Angeles. Defendant pointed his finger inside his shirt and demanded that McDonald's employee Jose Rosales give him money. Believing that defendant had a gun, Rosales opened the two cash registers. Defendant took the money out of the registers and ran outside. In a postarrest statement to police, defendant admitted committing this robbery.

At approximately 1:30 p.m. on January 4, 1994, defendant entered another McDonald's restaurant. This time, defendant was holding a towel wrapped in such a way that it appeared that he was holding a sawed-off shotgun. Accordingly, when defendant ordered an employee inside the restaurant to open the cash register drawers, the employee complied. Defendant took the money in the drawers and fled out a side door. Defendant admitted to police that he committed this robbery, as well.

After leaving the McDonald's, defendant ran in front of Patrice Rogers's car while Rogers was stopped at a stop sign on Harvard Boulevard. Defendant demanded entry into Rogers's car. When Rogers refused, defendant climbed through her open window and struggled with her for control of the steering wheel. He instructed Rogers to move into the passenger seat. Rogers complied because she was afraid she might die if she did not comply. The passenger side door of Rogers's car could only be opened from the outside. This fact would have been apparent to any person in the car. Rogers told defendant that he could have the car, but he refused to let her out of the car.

Meanwhile, after defendant entered Rogers's car, a marked police car with activated sirens and lights began chasing them. Defendant drove at speeds ranging from 40 to 60 miles an hour, although the legal speed limit in the vicinity was 20 to 25 miles per hour. Defendant ran through six or seven stop

signs without slowing down. He drove on the wrong side of the road between eight and ten times. Defendant narrowly missed collisions with several other cars. After defendant had driven at least two miles, police surrounded Rogers's car. Defendant left the car without engaging the parking brake and the car started to roll into traffic, but Rogers was able to step on the brake and stop it.

After leaving the car, defendant ran inside a laundromat and then a convenience store. Ignoring police commands to stop, defendant next ran into a house. He was eventually found hiding in a van.

In defense, defendant testified that he committed the robberies charged in counts 1 and 2, and admitted that he forced his way into Rogers's car as he was fleeing from the McDonald's. Defendant maintained, however, that he could not have driven as fast as 50 or 60 miles an hour, because the car was a 4-cylinder car.

## DISCUSSION

I. *Sufficiency of the evidence**

. . . . . . . . . . . . . . . . . . . . . . . . . .

II. *Instructions on lesser included offenses*

Defendant contends the trial court erred in refusing to give instructions on unlawful taking of a vehicle (Veh. Code, § 10851, subd. (a))[2] and joyriding (Pen. Code, § 499b)[3] as lesser included offenses of kidnapping during the commission of a carjacking (Pen. Code, § 209.5). In support of this contention, defendant argues that a violation of Penal Code section 209.5 (kidnapping during commission of carjacking) cannot be committed without also violating Vehicle Code section 10851, subdivision (a) and Penal Code section 499b, and that he had a right to instructions

---

*See footnote, *ante*, page 1083.

[2]Vehicle Code section 10851, subdivision (a) provides, in pertinent part: "Any person who drives or takes a vehicle not his or her own, without the consent of the owner thereof, and with the intent either to permanently or temporarily deprive the owner thereof of his or her title to or possession of the vehicle, whether with or without intent to steal the vehicle . . . is guilty of a public offense . . . ."

[3]Penal Code section 499b provides, in pertinent part: "Any person who shall, without the permission of the owner thereof, take any automobile . . . for the purpose of temporarily using or operating the same, shall be deemed guilty of a misdemeanor . . . ."

which pinpointed the defense theory that he used no force or fear in commandeering the car. According to defendant, "sufficient evidence existed on this record to compel the trial court to give the choice to the jury as a matter of due process of law." We disagree.

■ " 'It is well settled that the trial court is obligated to instruct on necessarily included offenses—even without a request—when the evidence raises a question as to whether all of the elements of the charged offense are present and there is evidence that would justify a conviction of such a lesser offense. [Citations.]' [Citation.]" (*People* v. *Brew* (1991) 2 Cal.App.4th 99, 105 [2 Cal.Rptr.2d 851]; see also *People* v. *Barton* (1995) 12 Cal.4th 186, 194-195, fn. 4 [47 Cal.Rptr.2d 569, 906 P.2d 531] [trial court need only instruct on lesser included offenses when there is evidence "substantial enough to merit consideration by the jury" that the offense was less than that charged].) "The necessity for instructions on lesser included offenses is based in the defendant's constitutional right to have the jury determine every material issue presented by the evidence. [Citations.] . . . [']True, if the prosecution has not established beyond a reasonable doubt every element of the offense charged, and if no lesser offense instruction is offered, the jury must, as a theoretical matter, return a verdict of acquittal. But a defendant is entitled to a lesser offense instruction . . . precisely because he should not be exposed to the substantial risk that the jury's practice will diverge from theory. Where one of the elements of the offense charged remains in doubt, but the defendant is plainly guilty of some offense, the jury is likely to resolve its doubts in favor of conviction.' [Citation.]" (*People* v. *Ramkeesoon* (1985) 39 Cal.3d 346, 351 [216 Cal.Rptr. 455, 702 P.2d 613], italics omitted.)

An offense is a necessarily included lesser where the greater offense cannot be committed without necessarily committing the lesser. (*People* v. *Lohbauer* (1981) 29 Cal.3d 364, 369 [173 Cal.Rptr. 453, 627 P.2d 183].) ■ "As a general rule, joyriding ([Pen. Code] § 499b) is not a necessarily included lesser offense of unlawful taking or driving a vehicle ([Veh. Code] § 10851(a)) for the reason that the latter offense can be committed without satisfying the elements of the former offense. [Citations.]" (*People* v. *Green* (1995) 34 Cal.App.4th 165, 174-175 [40 Cal.Rptr.2d 239].) Likewise, we conclude that unlawful taking or driving a vehicle is not a necessarily included lesser offense of kidnapping during commission of a carjacking (Pen. Code, § 209.5).

Here, with respect to the kidnapping charge, the jury was given instructions on the lesser included offenses of simple kidnapping (Pen. Code,

§ 207, subd. (a)), false imprisonment (Pen. Code, §§ 236, 237), and carjacking (Pen. Code, § 215). Although defense counsel additionally requested instructions on unlawful taking of a vehicle (Veh. Code, § 10851) and joyriding (Pen. Code, § 499b), characterizing these as either lesser included or lesser related offenses to kidnapping during a carjacking, the trial court refused such instructions, observing that those sections were only applicable to circumstances where the victim was not in the car. We agree with the trial court.

Under the test articulated by the court in *People* v. *Ramkeesoon, supra*, 39 Cal.3d 346, violations of Vehicle Code section 10851, subdivision (a) and Penal Code section 499b are not lesser included offenses of *kidnapping* during commission of carjacking because a violation of Penal Code section 209.5 may be committed by one who never successfully takes or drives a vehicle. For example, the perpetrator could accost the victim on the street and force the victim to move several blocks to where his or her car is parked. If the victim managed to toss his keys out of the perpetrator's reach, the perpetrator would not have ever taken the car, but would have moved the victim a substantial distance beyond that merely incidental to the commission of the carjacking, during the commission of the carjacking.

Even assuming, arguendo, that violations of Vehicle Code section 10851 and Penal Code section 499b are lesser included offenses of a violation of Penal Code section 209.5, there is no evidence in the present case that would justify a conviction of any lesser theft offenses. In this respect, the facts of the case at bar are analogous to those at issue in *People* v. *Brew, supra*, 2 Cal.App.4th 99. In *Brew*, the defendant was charged with and convicted of two counts of robbery. The facts constituting the second count of robbery were that the defendant walked up to an open cash register at which a cashier was working, reached in and grabbed the contents of the cash register drawer. The frightened cashier moved away although defendant had said nothing to her. The facts constituting the first count of robbery were that the store's assistant manager ran toward the cash register when he noticed the defendant there, and grabbed the defendant's arm to stop him from taking the contents of the drawer. The assistant manager was knocked to the floor and from that position, grabbed the defendant's leg. The defendant, however, broke loose and ran from the store. (*Id.* at p. 103.) With respect to the robbery of the assistant manager, the court held that the defendant was not entitled to instructions on grand theft by larceny (Pen. Code, § 487), a lesser included offense of robbery, although he was entitled to such instructions with respect to the robbery of the cashier. The court reasoned: "As regards [the robbery of the assistant manager], the evidence supports a finding of

only one theft-related offense and that is robbery. If a crime was committed against [the assistant manager], force was used in its perpetration. The evidence establishes that as [the assistant manager] confronted [the defendant] at the checkout stand, he felt a force against the right side of his face causing him to fall on the ground. He then grabbed [the defendant's] leg, but [the defendant] was able to extricate himself from [the assistant manager] in order to flee. Since the evidence, if believed, supports a finding of robbery only, it was not error for the court to fail to instruct the jury on grand theft by larceny in relation to this count. Factually, it was an all-or-nothing situation. [The defendant] was either guilty of robbery or he was innocent of any crime. There was no basis upon which the jury could conclude that a crime took place but no force was used. [¶] [The robbery of the cashier] is another matter. . . . [A]rguably, the evidence would support a finding that the offense was committed without [the elements of fear or intimidation] being present." (2 Cal.App.4th at p. 105.)

We find the facts of this case akin to the facts constituting the robbery of the assistant manager in *Brew*. Here, the evidence established that defendant climbed into Rogers's car through her open window after she refused his demand for admittance, *struggled* with Rogers for control of the steering wheel, and refused to allow her out of the car. There was simply no factual basis for the jury to conclude that a crime was committed, but no force or fear was used or that no person was kidnapped. Since the evidence, if believed, supported a finding of an offense including kidnapping and force or fear, it was not error for the trial court to refuse instructions on lesser included theft offenses. (Cf. *People* v. *Brew*, *supra*, 2 Cal.App.4th at p. 105; see also *People* v. *Dorsey* (1995) 34 Cal.App.4th 694, 705-706 [40 Cal.Rptr.2d 384] [where victim struggled with assailant over purse strap, evidence did not require instructions on lesser theft offense].)

### III. *Instructions on lesser related offenses*

The qualifying factors established for giving instructions on lesser related offenses are also instructive here. In *People* v. *Geiger* (1984) 35 Cal.3d 510, 531 [199 Cal.Rptr. 45, 674 P.2d 1303, 50 A.L.R.4th 1055], the California Supreme Court established three prerequisites to giving such instructions. "First, there 'must be the existence of some basis, other than the unexplainable rejection of prosecution evidence, on which the jury could find the offense to be less than that charged. [¶] Second, the offense must be one closely related to that charged and shown by the evidence. . . . [¶] Finally, the instruction must be justified by the defendant's reliance on a theory of defense that would be consistent with a conviction for the related

offense.' [Citation.]" (*People* v. *Hill* (1992) 6 Cal.App.4th 33, 39 [8 Cal.Rptr.2d 123].) In *People* v. *Hill, supra,* 6 Cal.App.4th 33, for example, the defendant was convicted of selling a substance in lieu of cocaine to an undercover officer in violation of Health and Safety Code section 11355. The trial court refused instructions on lesser related offenses of petty theft by false pretenses (Pen. Code, § 484) and distribution of an imitation controlled substance (Health & Saf. Code, § 11680). (6 Cal.App.4th at p. 39.) The reviewing court affirmed the conviction, reasoning that petty theft by false pretenses was not "closely related" to the charged offense because different societal interests were protected by the charged crime and the claimed lesser. (*Id.* at p. 41.) The court observed: "Petty theft by false pretenses protects against the fraudulent deprivation of property. [Health and Safety Code] [s]ection 11355, which in essence proscribes, first, the making of 'a "deal" to supply a controlled substance, and, second, some activity with respect to "any other liquid, substance, or material" in apparent consummation' [citation], may superficially appear aimed at fraud or deceit. However, its true aim is to discourage anyone from engaging or appearing to engage in drug traffic [citations]. . . . [¶] [The defendant] was prosecuted, in other words, for promoting the drug trade, not for bilking an undercover officer out of $20. He was not entitled to instructions on petty theft since that offense was not 'closely related' to the charged one." (*Ibid.*)

 Here, even assuming, arguendo, that there was some basis other than an unexplainable rejection of the prosecution's evidence on which the jury could find the offense to be less than that charged, unlawful taking of a vehicle (Veh. Code, § 10851) and joyriding (Pen. Code, § 499b), are not "closely related" to kidnapping during commission of a carjacking under the reasoning of *Geiger.* Vehicle Code section 10851, subdivision (a) and Penal Code section 499b protect against the deprivation of property, whereas Penal Code section 209.5 is aimed at discouraging anyone from kidnapping a victim during a carjacking. Section 209.5 seeks to protect against injury to the victim, not against theft. Moreover, carjacking itself (Pen. Code, § 215) has as an essential element a taking by force or fear from the person. Since the societal interests protected by the charged offense and the claimed lesser related offense are disparate, defendant was not entitled to instructions on unlawful taking of a vehicle or joyriding. (Cf. *People* v. *Hill, supra,* 6 Cal.App.4th at p. 40.)

IV., V.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . .

*See footnote, *ante,* page 1083.

## DISPOSITION

The judgment is affirmed.

Turner, P. J., and Armstrong, J., concurred.

Appellant's petition for review by the Supreme Court was denied August 28, 1996. Mosk, J., and Kennard, J., were of the opinion that the petition should be granted.