[No. A088691. First Dist., Div. Two. Nov. 7, 2000.]

THE PEOPLE, Plaintiff and Respondent, v.
DAVID ALLEN PEREZ, Defendant and Appellant.

**[Opinion certified for partial publication.†]**

---

†Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of part II.

## COUNSEL

Randi Covin, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, Peggy S. Ruffra and Gregory A. Ott, Deputy Attorneys General, for Defendant and Respondent.

## OPINION

KLINE, P. J.—David Allen Perez appeals following his conviction for one count of kidnapping during the commission of a carjacking (Pen. Code, § 209.5) and one count of kidnapping during the commission of a robbery (Pen. Code, § 209). Appellant claims that there is insufficient evidence to support his conviction of kidnapping during the commission of a carjacking. Appellant also claims that even if his conviction under Penal Code section 209.5 was proper, one of his sentences should have been stayed pursuant to Penal Code section 654. We shall affirm in part and reverse in part.

### STATEMENT OF THE CASE

On February 19, 1998, the district attorney filed an amended information alleging that appellant committed one count of kidnapping during the commission of a carjacking (Pen. Code, § 209.5, count 1), one count of kidnapping during the commission of a robbery (Pen. Code, § 209, subd. (b), count 2), one count of carjacking (Pen. Code, § 215, subd. (a), count 3), one count of robbery (Pen. Code, § 211, count 4), and one count of kidnapping (Pen. Code, § 207, subd. (a), count 5). The district attorney also alleged a firearm enhancement to each count. (Pen. Code, § 12022, subd. (a)(1).)

Appellant pleaded not guilty and a jury trial began on April 5, 1999. On April 7, 1999, the jury returned guilty verdicts on counts 1 and 2 and also found true the firearm enhancements as to both of those counts. No finding was made as to the remaining counts because they were lesser included offenses of the first two counts.

On August 5, 1999, the court sentenced appellant to life with the possibility of parole for the kidnapping during the commission of a carjacking, and a concurrent term of life with the possibility of parole for the kidnapping during the commission of a robbery. The court sentenced appellant to an additional term of one year to run consecutive for one of the firearm enhancements, and stayed the second one-year term for the other firearm enhancement pursuant to Penal Code section 654.

## STATEMENT OF THE FACTS

On the evening of August 12, 1997, Roque Arcenas and his wife Florette went shopping at a grocery store in Cordelia. When Roque went to place the groceries in his car, Florette remained in the store to purchase a soda. As Roque was loading the groceries in the trunk of his car, he noticed a white car parked nearby with three men in it. As Roque finished loading his car, two of the men from the white car started to approach him. One man (the gunman) pointed a shotgun at Roque and also flashed another gun under his shirt. The other man, appellant, stood behind Roque so he could not run away.

The gunman then demanded that Roque give the gunman the keys to Roque's car, which he did. The gunman next demanded Roque's money. Roque told the gunman that he had no cash and gave the gunman his wallet. The wallet contained no cash but it did have Roque's credit cards and driver's license.

At this point, Florette, apparently unaware of what was happening, began to approach Roque. Roque testified that the gunman asked, "[i]s that your wife?" To which Roque responded: "No." The gunman did not believe Roque and stated: "That's your wife. We will take her with us, too." Roque then yelled to his wife: "Go back. Go back." Florette ran back to the store and the gunman pushed Roque into the backseat of the car. Appellant got into the driver's seat and the gunman sat in the backseat next to Roque on the passenger's side. As the car exited the parking lot, Roque observed his wife talking to a security guard.

While in the car, appellant said to the gunman: "Be sure you put the barrel on him." Appellant and the gunman became upset that Roque had no cash in his wallet. Roque offered to take them to his bank so that he could get them money but the assailants refused. Appellant then told Roque that they would not be going to his bank but instead would be going to Roque's house. Roque became fearful because his two children were at his house. Roque tried to discourage them by saying he lived very far away and that he did not have much money.

Roque then stated: ' "I give you everything. Just let me go.' " Appellant replied: " 'Don't worry. I am going to bring you to a quiet place.' " At this point, Roque feared that they were intending to kill him. Hoping to appease the assailants, Roque took off his watch and gave it to the gunman. As the gunman was looking at the watch, appellant slowed down the car because they were approaching a stop sign. Roque then proceeded to open his door

and jump out of the car while the gunman was distracted by looking at the watch. Once Roque was outside of the car, he noticed the white car from the parking lot following behind the assailants in his car. Roque then proceeded to a liquor store at the corner and called the police.

DISCUSSION

I.

Appellant's first contention on appeal is that there was insufficient evidence of the specific intent necessary to convict him of kidnapping during the commission of a carjacking. The jury was properly instructed that the crime of kidnapping during the commission of a carjacking requires the "specific intent to facilitate the commission of the carjacking . . . ." (CALJIC No. 9.54.1; Pen. Code, § 209.5, subd. (a).) Appellant claims the word "facilitate" means the offense is committed only if the kidnapping is intended to make it easier to take the victim's car. Here, appellant claims that since he and the gunman already had the keys to the car, the kidnapping of Roque did not make the removal of the car any easier. This myopic view of the word "facilitate" is unpersuasive.

As appellant acknowledges, both carjacking and kidnapping during the commission of a carjacking are relatively new crimes and there is no case law on the specific intent necessary for a conviction under Penal Code section 209.5. Appellant notes that the few published cases under Penal Code section 209.5 involved fact situations in which the kidnapping actually helped in the physical removal of the car. (*People v. Moore* (1999) 75 Cal.App.4th 37 [88 Cal.Rptr.2d 914]; *People v. Russell* (1996) 45 Cal.App.4th 1083 [53 Cal.Rptr.2d 241].)

These cases do not purport to define the specific intent required for the offense of kidnapping during the commission of a carjacking. *Moore* dealt with defining the required element that the victim be moved a "substantial distance from the vicinity of the carjacking." (*People v. Moore, supra,* 75 Cal.App.4th at 44.) *Russell* held that unlawful taking of a vehicle (Veh. Code, § 10851, subd. (a)) and joyriding (Pen. Code, § 499b) were not lesser included offenses of kidnapping during the commission of a carjacking. (*People v. Russell, supra,* 45 Cal.App.4th at p. 1089.)

Kidnapping during the commission of a carjacking can be analogized to kidnapping during the commission of a robbery. The California Supreme Court has held that "where a kidnap[p]ing occurs after the actual perpetration of a robbery such kidnap[p]ing may be kidnap[p]ing for the purpose of

robbery if it may reasonably be inferred that the transportation of the victim was to effect the escape of the robber or to remove the victim to another place where he might less easily sound an alarm." (*People v. Monk* (1961) 56 Cal.2d 288, 295 [14 Cal.Rptr. 633, 363 P.2d 865].) Therefore, if there is substantial evidence that appellant intended the kidnapping to effect an escape or prevent an alarm from being sounded, his conviction for kidnapping during the commission of a carjacking must stand.

■ The proper test to determine a claim of insufficient evidence in a criminal case is whether, on the entire record, a rational trier of fact could find appellant guilty beyond a reasonable doubt. (*People v. Johnson* (1980) 26 Cal.3d 557, 562 [162 Cal.Rptr. 431, 606 P.2d 738, 16 A.L.R.4th 1255].) "In determining whether a reasonable trier of fact could have found defendant guilty beyond a reasonable doubt, the appellate court 'must view the evidence in a light most favorable to respondent and presume in support of the judgment the existence of every fact the trier could reasonably deduce from the evidence.' [Citations.]" (*Id.* at p. 576.)

■ Appellant argues that no trier of fact could have concluded that he intended the kidnapping to effect an escape or to prevent an alarm being sounded. He points to the fact that the alarm could have been sounded by Florette, who was left behind, and also that a security guard saw the car leaving the parking lot. The question is not whether the kidnapping *did* in fact effect an escape, or prevent an alarm from being sounded, but whether appellant *intended* the kidnapping to effect an escape. An escape attempt that is poorly thought out is still an escape attempt.

Looking at the facts in a light most favorable to the respondent, it is reasonable to conclude that appellant kidnapped Roque to effect his escape. At the very least he wanted to prevent an alarm from being sounded. The fact that Florette was left is immaterial. Originally, the assailants stated to Roque that they intended to bring Florette with them. It was only because Roque warned her that she was not also kidnapped. Further, at that point the security guard had not seen what was going on so if they had been successful in taking Florette, they would have in fact delayed the alarm being sounded. At worst, the assailants kidnapped Roque because he was the only eyewitness who could positively identify the assailants, and they intended to kill him. This is a reasonable inference from the statement: "Don't worry. I am going to bring you to a quiet place." In looking at the record as a whole, we cannot conclude that there is insufficient evidence to support the conviction of kidnapping during the commission of a carjacking.

## II.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### DISPOSITION

Appellant's conviction of kidnapping for purposes of carjacking is affirmed. The judgment shall be modified to reflect a stayed sentence on count two and, as so modified, is affirmed.

Haerle, J., and Ruvolo, J., concurred.

Appellant's petition for review by the Supreme Court was denied February 14, 2001.

---

*See footnote, *ante*, page 856.