[No. B231579. Second Dist., Div. Four. June 25, 2012.]

THE PEOPLE, Plaintiff and Respondent, v.
MICHAEL RODRIGUEZ, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION*]**

---

*Pursuant to California Rules of Court, rules 8.1100 and 8.1110, this opinion is certified for publication with the exception of part A. of the Discussion.

206

**COUNSEL**

Marcia C. Levine, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Victoria B. Wilson and Kim Aarons, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**MANELLA, J.**—Appellant Michael Rodriguez challenges his convictions for kidnapping during a carjacking, robbery, and several sexual offenses. He maintains that the prosecution engaged in misconduct and that the trial court erred in imposing sentence. In the unpublished portion of this opinion, we hold that appellant has failed to establish prosecutorial misconduct. In the published portion of the opinion, we conclude that the trial court erred in sentencing appellant under former subdivision (g) of the "One Strike" law (Pen. Code, § 667.61), which limited the imposition of One Strike terms on multiple sex offenses committed on a single occasion.[1] As we explain, because the Legislature amended the One Strike law to eliminate this

---

[1] All further statutory citations are to the Penal Code.

provision prior to appellant's offenses, the trial court was obliged to impose a One Strike term on each of appellant's offenses eligible for sentencing under the One Strike law. In addition, the trial court erred by imposing a One Strike term as an enhancement, imposing additional punishment for facts needed to support sentencing under the One Strike law, and miscalculating appellant's sentence for an offense outside the scope of the One Strike law. We therefore affirm the convictions but reverse the judgment solely with respect to appellant's sentence, and remand for resentencing.

## RELEVANT PROCEDURAL BACKGROUND

On November 4, 2010, an amended information was filed charging appellant with kidnapping during a carjacking (§ 209.5, subd. (a); count 1), robbery (§ 211; count 2), sexual penetration by a foreign object (§ 289, subd. (a)(1); counts 3, 6, and 8), forcible rape (§ 261, subd. (a)(2); counts 4 and 5), forcible oral copulation (§ 288a, subd. (c)(2); count 7), and attempted sodomy by use of force (§§ 286, subd. (c)(2), 664; count 11). Accompanying the charges—excluding the count for kidnapping during a carjacking—were allegations that appellant personally used a knife (§ 12022, subd. (b)(2)). In addition, accompanying the charged sexual offenses (counts 3–8 and 11) were allegations that appellant was subject to sentencing under the One Strike law (§ 667.61, subds. (a), (e)). Appellant pleaded not guilty to all the counts and denied the special allegations.

A jury found appellant guilty as charged, and found the special allegations to be true. The trial court sentenced appellant to a term of 80 years to life, plus a consecutive term of life.

## FACTUAL BACKGROUND

### A. *Prosecution Evidence*

At approximately 8:30 p.m. on May 3, 2009, Jessica M. left the Shakey's restaurant at which she worked and drove to the Vallarta store near Sherman Way and Vineland, where she bought some food. After she reentered her parked car, appellant asked for a ride, stating that he had been "jumped [by] gang members." Jessica agreed to help appellant. As the pair drove toward Vineland and Victory, Jessica permitted appellant to use her cell phone because he said his cell phone was dead.

After making a phone call, appellant said to Jessica, "This is a kidnap," displayed a knife with a four-or five-inch blade, and ordered her to drive toward Newhall. As she did so, appellant took money from Jessica's purse.

Upon finding only $7 in the purse, appellant demanded more money. When Jessica replied that she had none, appellant cut her hand with his knife.[2]

At appellant's direction, Jessica stopped in a deserted shopping center parking lot in Newhall. After she parked, he sexually assaulted and raped her, forced her to copulate him orally, and attempted to sodomize her. He then ordered her to leave the car. According to Jessica, as she retrieved her work shirt bearing the "Shakey's" logo, appellant laughed sarcastically and said, "Oh, you work there."

After Jessica left the car, appellant drove away, taking with him her money and cell phone. Jessica ran to a nearby restaurant and made a 911 call. Investigating officers took Jessica to a hospital, where she was examined by Sandra Wilkinson, a sexual assault nurse.

When Jessica failed to come home, her parents and sister Veronica became alarmed. Veronica repeatedly tried to phone Jessica, but contacted only Jessica's voice mail. At approximately 1:15 a.m., a man answered Jessica's cell phone, described himself as Jessica's boyfriend, and said that Jessica was asleep. When Veronica requested Jessica's location, the man laughed and replied that he was in Palmdale. After the call ended, Veronica and her mother learned from police officers that Jessica had been taken to a hospital.

On June 3, 2009, investigating officers found Jessica's car in Sun Valley, where it appeared to have been parked for a long period. Later, on June 5, 2009, Jessica saw appellant on a sidewalk as she drove in Sunland. Jessica contacted the police and watched him enter a library. Police officers soon arrived and arrested appellant.

While interviewing appellant, Los Angeles Police Department detectives told him that Jessica's cell phone had been used to place a call to appellant's own cell phone. Following this disclosure, appellant admitted that he had robbed Jessica and taken her car while she was in it. He also admitted that he had touched her breasts, but denied raping her.[3] Appellant's DNA matched DNA in evidence swabs Wilkinson had taken from Jessica's breasts.

B. *Defense Evidence*

Cari Caruso, a sexual assault examiner, testified that a copy of a photograph that Wilkinson had taken of Jessica's injuries showed no injuries or

---

[2] In addition, while Jessica drove toward Newhall on a freeway, appellant told her that two accomplices were following them in a car. Later, the car appeared to follow Jessica as she exited the freeway for Newhall.

[3] An audio recording of the interview was played for the jury.

abnormalities. She also opined that one cannot determine whether sexual contact is consensual on the basis of the injuries to a participant.

### C. *Rebuttal*

Marilyn Stotts, a sexual assault nurse, testified that in order to assess potential injuries from a sexual assault, it was preferable to conduct a physical examination of the victim, rather than to rely solely on photographs of the victim.

## DISCUSSION

Appellant contends there was prosecutorial misconduct and sentencing error. We reject appellant's challenges, with the exception of certain contentions regarding his sentence.

### A. *Prosecutorial Misconduct**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### B. *Sentencing*

Appellant challenges his sentence on several grounds. As explained below, we conclude the trial court erred in imposing sentence.

In sentencing appellant, the trial court identified appellant's conviction for forcible rape (§ 261, subd. (a)(2)) under count 4 as the principal term, and imposed the high term of eight years. In addition, the court imposed a 25-year-to-life "enhancement" on count 4 under the One Strike law (§ 667.61), as well as a three-year enhancement for use of a deadly weapon (§ 12022, subd. (b)(2)). The court imposed consecutive high-term sentences of eight years on each of appellant's remaining convictions for sexual offenses (sexual penetration by a foreign object (§ 289, subd. (a)(1)); counts 3, 6, and 8), forcible rape (§ 261, subd. (a)(2)); count 5), and forcible oral copulation (288a, subd. (c)(2)); count 7)), with the exception of his conviction under count 11 for attempted sodomy, on which it imposed a three-year term. Regarding appellant's other convictions, the court imposed a consecutive one-year term for robbery (§ 211; count 2), and a consecutive life term for kidnapping during a carjacking (§ 209.5, subd. (a); count 1).

#### 1. *Governing Principles*

■ Appellant was convicted of offenses under the One Strike law (§ 667.61), which authorizes the imposition of indeterminate terms; additionally he was convicted of other offenses punishable by determinate terms.

---

*See footnote, *ante*, page 204.

Generally, indeterminate term crimes and determinate term crimes are subject to different sentencing schemes. (*People v. Neely* (2009) 176 Cal.App.4th 787, 797 [97 Cal.Rptr.3d 913].) "Such sentencing has been conceptualized as sentencing in separate boxes." (*Id.* at p. 798.) The trial court separately determines the sentences to be imposed for each category of crime, and then "combines the two to reach an aggregate total sentence. Nothing in the sentencing for the determinate term crimes is affected by the sentence for the indeterminate term crime[s]." (*Ibid.*) When the defendant is sentenced to determinate and indeterminate terms, the determinate term is served first. (*People v. Garza* (2003) 107 Cal.App.4th 1081, 1094 [132 Cal.Rptr.2d 831].)

■ Here, appellant's convictions for sexual penetration by a foreign object (§ 289, subd. (a)(1); counts 3, 6, and 8), forcible rape (§ 261, subd. (a)(2); counts 4 and 5), and forcible oral copulation (§ 288a, subd. (c)(2); count 7) are potentially subject to indeterminate terms under the One Strike law, which "sets forth an alternative and harsher sentencing scheme for certain enumerated sex crimes perpetrated by force, including rape, foreign object penetration, sodomy, and oral copulation." (*People v. Mancebo* (2002) 27 Cal.4th 735, 741 [117 Cal.Rptr.2d 550, 41 P.3d 556], fn. omitted (*Mancebo*).) The version of the One Strike law applicable in 2009, when appellant committed the offenses, authorized the imposition of a 25-year-to-life sentence for the crimes under subdivision (a) of the statute, provided either (1) that one or more circumstances described in subdivision (d) were established, or (2) that two or more circumstances described in subdivision (e) were established. (Former § 667.61, subds. (a), (c) (d), (e), (f).) In connection with the counts described above, the jury found only two circumstances under subdivision (e) of the statute, namely, that appellant had engaged in kidnapping (§ 207) or kidnapping during a carjacking (§ 209.5), and that appellant had personally used a dangerous or deadly weapon.

■ To the extent appellant's remaining offenses are subject to determinate terms, section 1170.1 establishes the "sentencing protocol" for offenses with determinate terms (*People v. Neely, supra*, 176 Cal.App.4th at p. 797), unless the offenses fall under the special sentencing scheme for enumerated sex crimes in section 667.6 (*Neely*, at p. 799, fn. 7; *People v. Pelayo* (1999) 69 Cal.App.4th 115, 123 [81 Cal.Rptr.2d 373]). Sentencing pursuant to section 1170.1 involves a three-step procedure. (*People v. Neely, supra*, at pp. 797–798.) "First, the trial court is required to select a base term—either the statutory low, middle or upper term—for each of the crimes. [Citations.] Second, if the court determines that a consecutive sentence is merited, it must designate the crime with the 'greatest' selected base term as the principal term and the other crimes as subordinate terms. [Citation.] Third, the court sentences the defendant to the full base term it selected for the principal term crime and one-third of the middle term for any crimes for which the sentence is ordered to run consecutively. [Citations.] A subordinate term is one-third of

the middle term even if the trial court had initially selected the lower or upper term as the base term." (*Id.* at p. 798, italics omitted.)

Sex crimes are treated differently. (*People v. Pelayo, supra,* 69 Cal.App.4th at p. 123.) In 1979, the Legislature enacted section 667.6 to increase prison terms for a group of violent sex crimes, which include sexual penetration by a foreign object (§ 289, subd. (a)), forcible rape (§ 261, subd. (a)(2)–(7)), and forcible oral copulation (§ 288a, subd. (c)(2)–(3)). (*People v. Pelayo, supra,* at p. 123.) Section 667.6 permits the imposition of "a full, separate, and consecutive term" for these offenses. (§ 667.6, subds. (c), (d), (e).)

### 2. *One Strike Sentencing*

At the outset, we observe that our independent review of the record disclosed a sentencing error not raised by the parties in their original briefs. Notwithstanding the parties' failure to address the issue, "[w]e may set aside an unauthorized sentence so a proper sentence may be imposed, even if the new sentence is harsher." (*People v. Delgado* (2010) 181 Cal.App.4th 839, 854 [104 Cal.Rptr.3d 495].) As explained below, in sentencing appellant, the trial court incorrectly relied on a former provision of the One Strike law not contained in the One Strike law applicable to appellant's crimes.[6]

Before September 2006, the One Strike law contained former subdivision (g), which stated that a One Strike sentence "shall be imposed on the defendant *once* for any offense or offenses committed *against a single victim during a single occasion.*" (Former § 667.61, subd. (g), italics added.) If there are multiple victims during a single occasion, the term specified in subdivision (a) or (b) shall be imposed on the defendant once for each separate victim. "*Terms for other offenses committed during a single occasion shall be imposed* as authorized under any other law, including *Section 667.6,* if applicable." (Former § 667.61, subd. (g), italics added.) In *People v. Jones* (2001) 25 Cal.4th 98, 100, 103, 107 [104 Cal.Rptr.2d 753, 18 P.3d 674] (*Jones*), our Supreme Court concluded that the Legislature, in enacting former subdivision (g), "intended to impose no more than one [One Strike] sentence per victim per episode of sexually assaultive behavior."

In determining appellant's sentence, the court relied on section 667.61, former subdivision (g). Following a discussion of *Jones* and other case authority regarding former subdivision (g), the court found that all of the sex offenses were committed against a single victim on a single occasion, relying on the factors for determining whether crimes occurred on a single occasion, as identified in section 667.6, subdivision (d). The court then imposed a

---

[6] At our request, the parties have submitted supplemental briefs on this issue.

25-year-to-life "enhancement" on one of appellant's offenses subject to the One Strike law, and consecutive high term sentences on his remaining sex offenses, with the exception of his conviction for attempted sodomy.

■    However, in September 2006, prior to appellant's offenses in 2009, the Legislature amended the One Strike law to eliminate section 667.61, former subdivision (g) (Stats. 2006, ch. 337, § 33, pp. 2165–2167), and the version of the One Strike law applicable to appellant's offenses does not contain it. The sole provision relevant to the sentencing of multiple offenses under the applicable One Strike law is section 667.61, subdivision (i), which states that "the court shall impose a consecutive sentence for each offense that results in a conviction under this section if the crimes involve separate victims or involve the same victim on separate occasions as defined in subdivision (d) of Section 667.6."[7]

■    As no published decision has examined the import of the amendment that eliminated section 667.61, former subdivision (g) from the One Strike law, we confront a question of statutory interpretation. " 'In construing a statute, our task is to determine the Legislature's intent and purpose for the enactment. [Citation.] We look first to the plain meaning of the statutory language, giving the words their usual and ordinary meaning. [Citation.] If there is no ambiguity in the statutory language, its plain meaning controls; we presume the Legislature meant what it said. [Citation.]' " (*People v. Palmer* (2005) 133 Cal.App.4th 1141, 1149 [35 Cal.Rptr.3d 373].) In addition, we may examine the statute's legislative history. (*Ibid.*) Here, subdivision (a) of the applicable version of the One Strike law states that "[a]ny person who is convicted of an [enumerated] offense [enumerated in the One Strike law] . . . under two or more of the circumstances specified in subdivision (e) *shall* be punished by imprisonment in the state prison for 25 years to life." (§ 667.61, subd. (a), italics added.) Because this provision attaches One Strike sentences to individual offenses, it establishes that such a sentence must be imposed on each offense.

■    Our conclusion finds additional support from the Legislature's amendments to the statute. Generally, "when . . . the Legislature undertakes to amend a statute which has been the subject of judicial construction[,] . . . and . . . substantial changes are made in the statutory language[,] it is usually inferred that the lawmakers intended to alter the law in those particulars affected by such changes." (*Palos Verdes Faculty Assn. v. Palos Verdes Peninsula Unified Sch. Dist.* (1978) 21 Cal.3d 650, 659 [147 Cal.Rptr. 359, 580 P.2d 1155].) As the Legislature eliminated subdivision (g), which the courts had interpreted to limit the number of One Strike sentences properly

---

[7] This portion of section 667.61, subdivision (i) is found in the version of the One Strike law applicable to appellant's offenses and the current version of the law.

imposed on multiple offenses against a single victim on a single occasion, we infer that the Legislature intended to abrogate this restriction.

Because the applicable version of the One Strike law mandated the imposition of a 25-year-to-life sentence on each of appellant's eligible offenses, the matter must reversed for resentencing. In view of the trial court's finding that all of appellant's sex offenses occurred on a single occasion against a single victim, the court has the discretion to impose consecutive or concurrent One Strike sentences on the eligible offenses. (*People v. Valdez* (2011) 193 Cal.App.4th 1515, 1524 [124 Cal.Rptr.3d 376] [subd. (i) of § 667.61 does not limit court's discretion to impose consecutive or concurrent One Strike terms on One Strike offenses falling outside subd. (i)].) For the guidance of the court upon remand, we address appellant's contentions of error below.

### 3. One Strike "Enhancement"

■ Appellant contends the trial court erred in imposing the One Strike sentence on count 4 as an enhancement on an eight-year high term, rather than as the principal term. We agree, as does respondent. Because the One Strike law constitutes a separate sentencing scheme for offenses within its scope, punishment for such offenses is not subject to other sentencing schemes, except where the One Strike law so provides. (See *People v. Fuller* (2006) 135 Cal.App.4th 1336, 1342–1343 [38 Cal.Rptr.3d 428].)

### 4. Enhancement for Personal Use of a Deadly Weapon

Appellant contends the trial court erred in imposing a three-year enhancement for personal use of a deadly or dangerous weapon (§ 12022, subd. (b)) on count 4. Respondent concedes he is correct. As noted above (see pt. B.1. & 2., *ante*), the court was authorized to impose a 25-year-to-life sentence on count 4 under section 667.61, subdivision (a), part of the applicable One Strike law if at least two special circumstances enumerated in subdivision (e) of the statute were established. Here, the jury found two such circumstances, but one was appellant's personal use of a knife. As we explain, in such cases, the applicable One Strike law precludes the use of the circumstance to impose additional punishment.

Subdivision (f) of the applicable One Strike law provides: "If only the minimum number of circumstances specified in subdivision (d) or (e) that are required for the punishment provided in subdivision (a) . . . to apply have been pled and proved, that circumstance or those circumstances shall be used as the basis for imposing the term provided in subdivision (a) . . . , *rather than being used to impose the punishment authorized under any other*

*provision of law, unless another provision of law provides for a greater penalty or the punishment under another provision of law can be imposed in addition to the punishment provided by this section.* However, if any additional circumstance or circumstances specified in subdivision (d) or (e) have been pled and proved, the minimum number of circumstances shall be used as the basis for imposing the term provided in subdivision (a), . . . and any other additional circumstance or circumstances shall be used to impose any punishment or enhancement authorized under any other provision of law." (§ 667.61, subd. (f), italics added.)

As explained in *Mancebo*, section 667.61, subdivision (f), part of the applicable One Strike law bars the use of special circumstances to impose additional punishment when, as here, only the minimal number of circumstances has been pleaded and established for purposes of sentencing under the One Strike law. (*Mancebo, supra*, 27 Cal.4th at p. 754.) There, the information charged the defendant with 10 offenses arising from sexual assaults on two victims. (*Id.* at pp. 739–741.) In connection with five counts, the information asserted only two allegations under section 667.61, subdivision (e), part of the One Strike law: a gun use allegation and a kidnapping allegation. (*Mancebo, supra*, at p. 740.) The jury found the defendant guilty as charged and found the special allegations to be true. (*Ibid.*) In sentencing the defendant, the trial court imposed gun use enhancements under a different statute, and also imposed sentences under the One Strike law, relying on the kidnapping allegation and the fact that there had been multiple victims. (*Mancebo*, at p. 740.) Our Supreme Court held this was error, as the information contained no multiple-victim allegation under subdivision (e) of the One Strike law. (*Mancebo*, at pp. 742–754.) The court thus struck the gun use enhancements because they had been imposed in contravention of subdivision (f) of the One Strike law. (*Mancebo*, at p. 754.) In view of *Mancebo*, the trial court erred in imposing the three-year enhancement on count 4.

### 5. *Life Sentence for Kidnapping During a Carjacking (Count 1)*

In a related contention, appellant maintains the trial court erred in imposing a life term under count 1 for kidnapping during a carjacking (§ 209.5), as appellant's One Strike sentence on count 4 effectively relied on this offense. As explained below, we agree.

For purposes of imposing a 25-year-to-life sentence on an offense under section 667.61, subdivision (a), part of the applicable One Strike law, section 667.61, subdivision (e)(1) provides that a special circumstance is established when "the defendant kidnapped the victim of the present offense in violation of Section 207 [(simple kidnapping)], 209 [(kidnapping to

commit robbery)], or 209.5 [(kidnapping during a carjacking)]." In connection with appellant's sex crimes (counts 3–8, 11), the jury found that appellant had "kidnapped the victim of the present offense in violation of . . . section 207 or 209.5." ▮ Because this finding necessarily encompassed appellant's conviction under count 1, section 667.61, subdivision (f), part of the applicable One Strike, law barred the imposition of separate punishment on count 1, as section 209.5 neither imposes greater punishment than the One Strike law nor provides for additional punishment.

Pointing to *People v. Byrd* (2011) 194 Cal.App.4th 88 [124 Cal.Rptr.3d 430] (*Byrd*), respondent maintains that punishment was properly imposed under count 1 because "[a]ppellant's sentence under the One Strike law was premised on simple kidnapping for the commission of the sex offenses." The crux of respondent's argument is that the jury's verdicts on the charges and special allegations against appellant necessarily implied that he had committed simple kidnapping, which constituted—*by itself*—the circumstance under section 667.61, subdivision (e)(1), part of the One Strike law, needed for the imposition of a One Strike sentence. We find no support in *Byrd* for this contention.

In *Byrd*, the defendant kidnapped two victims. (*Byrd, supra,* 194 Cal.App.4th at p. 92.) After releasing one of the victims, the defendant forced the other victim to drive him to a trailer, where he sodomized him. (*Id.* at p. 93.) Regarding the latter victim, the defendant was charged with simple kidnapping (§ 207) and forcible sodomy (§ 286, subd. (c)(2)), which falls within the One Strike law. (*Byrd, supra,* at p. 94.) To permit the imposition of a 25-year-to-life sentence for forcible sodomy under the One Strike law, the information alleged that appellant had engaged in aggravated kidnapping within the meaning of subdivision (d)(2) of section 667.61, which provides that a special circumstance is established when " '[t]he defendant kidnapped the victim of the present offense and the movement of the victim substantially increased the risk of harm to the victim above that level of risk necessarily inherent in the underlying offense . . . .' " (*Byrd,* at p. 100.) After the jury convicted the defendant on all counts and found the aggravated kidnapping special allegation to be true, the trial court imposed a 25-year-to-life One Strike sentence for forcible sodomy and also imposed additional punishment for simple kidnapping. (194 Cal.App.4th at pp. 94–95.)

On appeal, the defendant maintained that section 667.61, subdivision (f), part of the One Strike law, barred additional punishment for simple kidnapping because aggravated kidnapping was the sole qualifying circumstance pleaded and proved at trial. (*Byrd, supra,* 194 Cal.App.4th at pp. 100–104.) The appellate court rejected this contention, concluding that simple kidnapping falls outside the special circumstance defined in subdivision (d)(2) of

section 667.61. (*Byrd*, at pp. 101–102.) In so concluding, the court placed special emphasis on the absence of any reference to simple kidnapping in subdivision (d)(2), noting in contrast that section 667.61, subdivision (e)(1) specifically mentions simple kidnapping. (*Byrd*, at pp. 101–102.)

Here, unlike *Byrd*, the jury found as a special circumstance that appellant had "kidnapped the victim of the present offense in violation of . . . section 207 or 209.5" under section 667.61, subdivision (e)(1), part of the applicable One Strike law.[8] Because subdivision (e)(1) expressly places *both* simple kidnapping and kidnapping during a carjacking within the scope of the special circumstance it defines, neither offense can reasonably be regarded as independent of the special circumstance. For this reason, appellant's offense of kidnapping during a carjacking necessarily fell within the special circumstance, as did his commission of simple kidnapping, which is implied by the former offense (see *People v. Russell* (1996) 45 Cal.App.4th 1083, 1088 [53 Cal.Rptr.2d 241]). Accordingly, the imposition of additional punishment under count 1 for kidnapping during a carjacking contravened section 667.61, subdivision (f), part of the applicable One Strike law.

### 6.  *Attempted Sodomy*

Appellant contends the trial court erred in imposing a consecutive term of three years under count 11 for attempted sodomy (§§ 286, subd. (c)(2), 664), which amounted to a full consecutive middle term for the offense. He argues the court was obliged to determine the sentence in accordance with the sentencing scheme found in section 1170.1.

We agree that upon remand, the sentence under count 11 must be calculated in accordance with section 1170.1, as attempted sodomy falls within neither the sentencing scheme in section 667.6 nor the One Strike law. It is well established that the offenses enumerated within section 667.6 do not include attempted sex crimes. (*People v. Le* (1984) 154 Cal.App.3d 1, 10–11 [200 Cal.Rptr. 839], disapproved on another point in *People v. Piper* (1986) 42 Cal.3d 471, 477, fn. 5 [229 Cal.Rptr. 125, 722 P.2d 899].) As the applicable One Strike law contains a similar enumeration of crimes, we conclude the One Strike law is also inapplicable to attempted sex crimes. Respondent acknowledges that the sentence for count 11 must be imposed in accordance with section 1170.1.

---

[8] As respondent notes, the trial court, in sentencing appellant under the One Strike law, suggested that appellant had committed the kidnapping for the purpose of rape, even though the jury's finding under section 667.61, subdivision (e)(1), part of the One Strike law, contained no reference to rape. In view of *Mancebo*, we limit our inquiry to the allegations that were "properly pled and proved." (*Mancebo, supra*, 27 Cal.4th at p. 739.)

### 7. *Restitution and Parole Revocation Fines*

Appellant contends the trial court erred in imposing restitution fines and parole revocation fines. Absent special circumstances, the minimum restitution fine is $200 (§ 1202.4, former subd. (b)(1)); furthermore, parole revocation fines must be set "in the same amount" as restitution fines (§ 1202.45). In sentencing appellant, the trial court stated it was "imposing the mandatory minimum restitution fines as required by state law," but ordered parole revocation fines "in the amount of $300 per count." Upon remand, the trial court shall have the opportunity to clarify its orders regarding the fines. (*People v. Waldie* (2009) 173 Cal.App.4th 358, 368 [92 Cal.Rptr.3d 688].)

## DISPOSITION

The judgment is reversed with respect to appellant's sentence, and the matter is remanded for resentencing in accordance with this opinion (see pt. B., *ante*). The judgment is affirmed in all other respects.

Epstein, P. J., and Suzukawa, J., concurred.