NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 31 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JESSIE C. ROBERTS,

                Petitioner-Appellant,

    v.

DANNY SAMUEL,

                Respondent-Appellee.

No. 20-56365

D.C. No. 2:19-cv-04002-JLS-DFM

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Josephine L. Staton, District Judge, Presiding

Argued and Submitted March 9, 2023
Pasadena, California

Before: WATFORD and COLLINS, Circuit Judges, and MURPHY,** District
Judge.

Jessie Roberts appeals the district court's denial of his petition for a writ of

habeas corpus. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.

**I**

Roberts "visited three different car dealerships" in California "over two

consecutive days" and "tried, with varying degrees of success, to steal a car from

each dealership." *People v. Roberts*, 2017 WL 4112240, at *1 (Cal. Ct. App. Sept.

---

* This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

** The Honorable Stephen Joseph Murphy III, United States District Judge for the
Eastern District of Michigan, sitting by designation.

18, 2017).  At two of the dealerships—a Toyota dealership in Glendale and a Chevy dealership in Lancaster—Roberts drove away while an employee of the dealership was still in the car with him.  *Id.* at *1–*2.  A jury eventually convicted Roberts on several counts, including two that required a showing of specific intent—namely, (1) carjacking in violation of California Penal Code § 215(a), for the incident at the Chevy dealership; and (2) kidnapping for carjacking in violation of California Penal Code § 209.5(a), for the incident at the Toyota dealership.  After his convictions were affirmed on direct review, Roberts filed for habeas corpus relief from the California state courts, asserting, *inter alia*, that his counsel had been ineffective in failing to investigate and present a mental-state defense to the specific-intent charges.  After the state courts denied relief, Roberts filed a federal habeas petition that included this ineffective assistance claim.  The district court denied the petition.  We granted a certificate of appealability limited to the question whether Roberts's "trial counsel was ineffective for failing to investigate and present testimony from mental health experts concerning whether appellant lacked the specific intent to commit carjacking and kidnapping during the commission of a carjacking."

## II

Roberts argues that, because the various state-law procedural grounds on which his state habeas corpus petition was denied by the Los Angeles Superior

Court and the California Court of Appeal were all patently erroneous, the California Supreme Court's subsequent summary denial of his petition must be understood as resting on the merits rather than on those flawed state-law procedural grounds. *See Wilson v. Sellers*, 138 S. Ct. 1188, 1196 (2018) (noting that the presumption that the state supreme court relied on the same ground as the lower state courts may not apply "where the lower state court decision is unreasonable"). On that basis, Roberts concedes that the deferential standards of the Antiterrorism and Effective Death Penalty Act ("AEDPA") apply to our review of the California Supreme Court's rejection of his ineffective assistance claim on the merits. The State agrees with that latter proposition, and we proceed on the same basis.

Where, as here, "a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden" under AEDPA requires him to show that "there was *no reasonable basis* for the state court to deny relief." *Harrington v. Richter*, 562 U.S. 86, 98 (2011) (emphasis added). We therefore "must determine what arguments or theories supported or, as here, *could* have supported, the state court's decision; and then [we] must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." *Id.* at 102 (emphasis added). We must, in other words, affirm the denial of habeas relief unless we conclude that

3

the California Supreme Court's summary rejection of the merits of Roberts's ineffective assistance claim was erroneous, under any possible theory, "beyond any possibility for fairminded disagreement." *Id.* at 103.

To establish an ineffective assistance claim, a criminal defendant must show that "counsel's performance was deficient" and that "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Here, Roberts argues that his trial counsel's performance was deficient because counsel failed to investigate or present "a mental state defense to the specific intent requirements of the charged crimes." To establish prejudice with respect to this claim, Roberts had to show that it was "'reasonably likely' that the result would have been different" had the mental health evidence Roberts submitted with his state habeas petition been presented at trial. *Richter*, 562 U.S. at 111 (quoting *Strickland*, 466 U.S. at 696). Although the "reasonably likely" standard "does not require a showing that counsel's actions 'more likely than not altered the outcome,'" the "likelihood of a different result must be substantial, not just conceivable." *Id.* at 111–12 (quoting *Strickland*, 466 U.S. at 693). Assuming *arguendo* that Roberts's trial counsel performed deficiently in failing to investigate and present such a defense, we hold that the California Supreme Court nonetheless could reasonably have concluded that Roberts was not prejudiced thereby.

The jury instructions in this case—which no party contends were legally

4

erroneous—provided that "[t]he Specific Intent required for the crime of Carjacking is the intent to deprive the other person of possession of the vehicle either temporarily or permanently." *See People v. Magallanes*, 92 Cal. Rptr. 3d 751, 756 (Ct. App. 2009). The jury instructions further explained that "[t]he Specific Intent required for the crime of Kidnapping for Carjacking is the intent to facilitate the commission of Carjacking." *See People v. Medina*, 161 P.3d 187, 191–92 (Cal. 2007). The California appellate courts have held that a kidnapping "facilitate[s]" the commission of a carjacking if, *inter alia*, it "make[s] it easier to take the victim's car" or is intended "to effect [an] escape . . . or to remove the victim to another place where he might less easily sound an alarm." *People v. Perez*, 101 Cal. Rptr. 2d 376, 378–79 (Ct. App. 2000) (citation omitted). However, the intended escape need not be successful or well-planned: "An escape attempt that is poorly thought out is still an escape attempt." *Id.* at 379.

Roberts's petition presented evidence indicating that he suffered from serious mental illness, including auditory hallucinations and delusional thinking. According to this evidence, his delusions included "magical" thinking about "the physical characteristics and attributes of vehicles," which influenced "the cars that he chose to take." Although this evidence strongly supports the view that his *motivation* for committing the crime of carjacking was influenced by his mental illness, the California Supreme Court could reasonably conclude that it would not

5

have altered the jury's assessment of his ability to form the specific intent to deprive the Chevy dealership "of the vehicle either temporarily or permanently." That is, the state high court could reasonably conclude that Roberts's actions at the Chevy dealership demonstrated an ability to form and execute a plan to take a car—indeed, he said during that incident, "All I want is a car." *Roberts*, 2017 WL 4112240, at *1.

Likewise, with respect to the kidnapping for carjacking at the Toyota dealership, the California Supreme Court could reasonably conclude that Roberts's mental health evidence would not have altered the jury's determination that Roberts intended his kidnapping of the dealership employee to facilitate the carjacking. The trial evidence showed that Roberts requested a test drive with the Toyota employee; that once in the driver's seat, he drove away from the dealership at a high rate of speed; that he initially ignored the employee's requests to slow down, pull over, and let him out; and that it was not until they had traveled 10 blocks that Roberts finally pulled into a parking lot and allowed the employee to leave. *Roberts*, 2017 WL 4112240, at *1. The California Supreme Court could reasonably conclude that, although Roberts's delusional thinking concerning cars influenced his desire to take one, his behaviors nonetheless confirmed that he was able to form the specific intent to continue driving with the employee in the car in order to facilitate the carjacking. In reaching such a conclusion, the California

Supreme Court would not have erred "beyond any possibility for fairminded disagreement." *Richter*, 562 U.S. at 103.

**AFFIRMED.**