Filed 7/21/14  P. v. Ortiz C2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JORGE ALBERTO ORTIZ,<br><br>    Defendant and Appellant. | B246524<br><br><br>(Los Angeles County<br>Super. Ct. No. KA097689) |

APPEAL from a judgment of the Superior Court of Los Angeles County, George Genesta, Judge.  Affirmed in part; reversed in part and remanded with directions.

Carlo Andreani, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Margaret E. Maxwell and Yun K. Lee, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Jorge Alberto Ortiz sexually molested a six-year-old neighbor girl.[1] Following a court trial he was convicted of six felony sex offenses and sentenced to an indeterminate state prison term of 95 years to life, plus a determinate term of eight months. On appeal Ortiz contends he was denied his constitutional right to effective assistance of counsel because his attorney elected not to present a closing argument. He also argues the trial court erred in sentencing him to a consecutive term on each count. We reject Ortiz's claims but remand the matter for resentencing as to count 3, using a minor as a model for a sexual act, because the court imposed an unauthorized sentence.

### FACTUAL AND PROCEDURAL BACKGROUND

1. *The Charges*

Ortiz was charged in an amended information with three counts of oral copulation or sexual penetration of a child who is 10 years of age or younger (Pen. Code, § 288.7, subd. (b), counts 1, 2, and 6),[2] two counts of sexual intercourse or sodomy with a child who is 10 years of age or younger (§ 288.7, subd. (a), counts 4 and 5), and one count of using a minor as a model for sex acts (§ 311.4, subd. (c), count 3). Ortiz pleaded not guilty. Trial was to the court.

2. *The Trial*

According to the evidence at trial Ivy, then six years old, moved into an apartment in Pomona with her great uncle, uncle and brother in December 2010. Ortiz, a neighbor, lived downstairs in the same apartment building. Once when they were alone, Ortiz photographed Ivy while she was naked.

In response to a report of child sexual abuse in 2012, Pomona Police Officer Richard Sprague went to Ivy's apartment and was given a digital camera by Ortiz's grandson, who also pointed out Ortiz to Sprague. The camera contained images of Ortiz and Ivy; a small girl's genitals; Ivy pulling up her skirt; and Ivy with her pants lowered, exposing her genitals. The camera also contained a video recording depicting Ortiz and

---

[1] The child victim was identified at trial only as "Ivy Doe."

[2] Statutory references are to the Penal Code.

Ivy engaged in sex acts. The photographs were introduced into evidence, and the video recording was played in court.

Following the People's presentation of evidence, defense counsel made a motion to dismiss (§ 1118.1), which the trial court denied. Ortiz neither testified nor introduced other evidence in his defense. At the court's suggestion the prosecutor waived closing argument. Defense counsel did as well. The court found Ortiz guilty of all charges.

While discussing scheduling for the sentencing hearing, defense counsel asked the court to reconsider whether the People had proved the element of penetration beyond a reasonable doubt as to the three counts of violating section 288.7, subdivision (b). Counsel argued Ivy never testified there was penetration. Although the video recording showed some sexual activity, counsel maintained it was questionable whether penetration had occurred.

The court explained its findings based on its review of the video recording: "It was clear to the court. The court could see the defendant's penis, and his penis was in a position exposed and presented to her vaginal area where he had her legs up and he was leaning against her. At different times she indicated that it hurt and that he was engaging in thrusting motions while he had her in that position, and it was clear as he withdrew at different times, the court could still see his exposed penis, that he was stroking it at times after he withdrew and then engaged in the same conduct as he pushed up against her again. And she made comments about what he was doing, and it was clear based on his thrusting motions and the position he had her that it was clear that penetration was taking place."

3. *The Sentencing Hearing*

At sentencing defense counsel urged the trial court to consider the interaction between Ortiz and Ivy as "a single occasion" involving one victim during "a short period of time, maybe about 15, 20 minutes . . . ." The prosecutor argued the video showed at least five separate sex acts. Ortiz would "start an act. He would get interrupted. He would start a different act, and that went on throughout the 20 minutes. There was time

3

for reflection between acts.  For that reason, your Honor, I believe it is clear that these [counts] should be sentenced separately."

The trial court sentenced Ortiz to an aggregate state prison term of 95 years to life, consisting of three consecutive terms of 15 years to life for oral copulation or sexual penetration of a child who is 10 years of age or younger (counts 1, 2 and 6) and two consecutive terms of 25 years to life for sexual intercourse or sodomy with a child who is 10 years of age or younger (counts 4 and 5); plus a consecutive term of eight months (one-third the middle term of two years) for using a minor as a model for sex acts (count 3).[3]

Explaining its sentencing decision, the trial court stated,  "At the time the court made its findings and found the defendant guilty beyond a reasonable doubt, the court also made characterizations from one count or crime to the other.  In fact, as one of the sexual intercourse events were [*sic*] taking place between the defendant and the six-year-old, the six-year-old brought to his attention that she believed there was someone outside. He stopped.  They both looked, and they closed the curtains.  There was [*sic*] a lot of conversations between the minor and the defendant about different sex acts and the changing of positions.  It was clear to this court that – that I would characterize not a single occasion, but a single time frame in which multiple crimes were committed.  The theory between the multiple crimes or multiple sex acts between one to the other is that the defendant had reasonable opportunity to reflect on his actions.  Nonetheless [he] resumed his sexual conduct with this six-year-old.  The video is the best evidence for that in terms of the defendant's acts from one act to the other, the circumstances from one act to the other, be it interruptions because of fear of detection or interruptions based upon a change of position or interruptions based upon going from one act to another act, after discussion or suggestions.  This was one of the most egregious events that this court has experienced in my judicial career.  I'm usually presented with graphic testimony, but here

---

[3]      The abstract of judgment omits the consecutive sentence of 15 years to life the trial court orally pronounced on count 6.  Following resentencing on remand as directed in this opinion, this clerical error should be corrected in the new abstract of judgment.

4

I was presented with graphic videos that left nothing to the imagination or what was occurring could be in dispute."

## DISCUSSION

1. *Ortiz Has Not Demonstrated His Counsel Was Ineffective*

a. *Governing law*

To establish ineffective assistance of counsel under either the federal or state constitutional guarantee, a defendant must show "'"'that counsel's representation fell below an objective standard of reasonableness under prevailing professional norms, and that counsel's deficient performance was prejudicial, i.e., that a reasonable probability exists that, but for counsel's failings, the result would have been more favorable to the defendant.'"'" (*In re Crew* (2011) 52 Cal.4th 126, 150; see *Strickland v. Washington* (1984) 466 U.S. 668, 694 [104 S.Ct. 2052, 80 L.Ed.2d 674].) "'The burden of sustaining a charge of inadequate or ineffective representation is upon the defendant. The proof . . . must be a demonstrable reality and not a speculative matter.'" (*People v. Karis* (1988) 46 Cal.3d 612, 656.)

There is a presumption the challenged action or inaction "'might be considered sound trial strategy'" under the circumstances. (*Strickland v. Washington, supra,* 466 U.S. at pp. 689, 694; accord, *People v. Gamache* (2010) 48 Cal.4th 347, 391.) On a direct appeal a conviction will be reversed for ineffective assistance of counsel only when the record demonstrates there could have been no rational tactical purpose for counsel's challenged act or omission. (*Gamache,* at p. 391; *People v. Anderson* (2001) 25 Cal.4th 543, 569.)

In considering a claim of ineffective assistance of counsel, it is not necessary to determine "'whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.'" (*In re Champion* (2014) 58 Cal.4th 965, 1007, quoting *Strickland v. Washington, supra,* 466 U.S. at p. 697; *In re Alvernaz* (1992) 2 Cal.4th 924, 945; *People v. Mesa* (2006) 144 Cal.App.4th 1000, 1008.)

5

It is not sufficient to show the alleged errors may have had some conceivable effect on the trial's outcome; the defendant must demonstrate a "reasonable probability" that absent the errors the result would have been different. (*Champion,* at p. 1007; *Mesa* at p. 1008.)

b. *Ortiz was not prejudiced by his counsel's waiver of closing argument*

Although closing argument may serve an important function at trial, defense counsel may waive closing argument as a matter of tactics without that decision constituting ineffective assistance. (See *Bell v. Cone* (2002) 535 U.S. 685, 701-702 [122 S.Ct. 1843, 152 L.Ed.2d 914] [waiver of closing argument may be a reasonable tactical decision about which competent lawyers might disagree]; *People v. Diggs* (1986) 177 Cal.App.3d 958, 970 [waiver of closing argument in appropriate case is matter of sound trial strategy].)[4]  Here, the record is silent on the reasons for counsel's decision to waive closing argument.  Nonetheless, it is highly plausible that defense counsel concluded Ortiz would be better served if neither she nor the prosecutor made a closing argument and that, if she had proceeded to make an argument, the prosecutor would then have asserted the right to a final rebuttal.  That would be a reasonable judgment call under the circumstances.

In any event, Ortiz has failed to demonstrate any likelihood, let alone a reasonable probability, he was prejudiced by his counsel's decision.  This was a one-day court trial.  The factual issues were simple.  The evidence consisted of the brief testimony of four witnesses, several photographs and a 20-minute video recording.  The testimony was straightforward and uncontroverted.  There is simply no reason to believe closing argument would have led it to a different conclusion as to Ortiz's guilt.  Moreover, counsel did ask the court to reconsider whether the video recording was sufficient

---

[4]     The mischaracterization of the issue by appellate counsel for Ortiz as one involving denial of Ortiz's right to counsel at a critical state of the trial, rather than simply a claim of ineffective assistance, is, at best, a gross distortion of the record.  (See generally Rules Prof. Conduct, rule 5-200(B) [in presenting a matter to a tribunal, a member of the State Bar shall not seek to mislead the court by an artifice or false statement of fact or law].)

evidence of penetration. In response, the court explained what it saw and how that evidence proved penetration. Thus, notwithstanding the initial waiver of closing argument, Ortiz had the full benefit of his counsel's discussion of the most important factual issue with the court.

2. *Ortiz Was Properly Sentenced to Consecutive Indeterminate Terms*

Section 288.7, subdivision (a), provides that any person 18 years or older who engages in sexual intercourse or sodomy with a child who is 10 years of age or younger is subject to a prison term of 25 years to life. Section 288.7, subdivision (b), provides that any person who engages in oral copulation or sexual penetration with a child who is 10 years of age or younger is subject to a prison term of 15 years to life. The trial court has broad discretion in deciding whether to impose sentences for multiple convictions under section 288.7 concurrently or consecutively. (See § 669; *People v. Monge* (1997) 16 Cal.4th 826, 850-851.) That discretion is guided by rule 4.424 of the California Rules of Court, which identifies specific criteria affecting the sentencing decision, including the presence of circumstances in aggravation or mitigation as identified in other provisions of the Rules of Court.

One factor in aggravation may support a series of consecutive sentence. (See *People v. Scott* (1994) 9 Cal.4th 331, 350, fn. 12 ["The court cannot rely on the same fact to impose both the upper term and a consecutive term. [Citations.] However, one relevant and sustainable fact may explain a series of consecutive sentences."]; see also *People v. Osband* (1996) 13 Cal.4th 622, 728-729.)

Even though a defendant may have committed multiple violations of section 288.7, however, section 654 prohibits separate punishment for those offenses if they arose from a series of acts constituting an indivisible course of criminal conduct. (*People v. Rodriguez* (2009) 47 Cal.4th 501, 507; *People v. Latimer* (1993) 5 Cal.4th 1203, 1206.)[5] "'Whether *a course of criminal conduct* is divisible and therefore gives rise to

---

[5] Section 654, subdivision (a), provides, "An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or

7

more than one act within the meaning of section 654 depends on the *intent and objective* of the actor. If all the offenses were incident to one objective, the defendant may be punished for any one of such offenses, but not for more than one.'" (*Rodriguez*, at p. 507.)

The Supreme Court in *People v. Perez* (1979) 23 Cal.3d 545 held a defendant could be separately punished for each sex crime committed in a single encounter even when closely connected in time. "[F]ocus[ing] on the question whether defendant should be deemed to have entertained single or multiple criminal objectives" (*id*. at p. 552), the Court rejected defendant's argument he had a single objective in committing each sex offense—to obtain sexual gratification. "Such an intent and objective is much too broad and amorphous to determine the applicability of section 654. . . . To accept such a broad, overriding intent and objective to preclude punishment for otherwise clearly separate offenses would violate the statute's purpose to insure that a defendant's punishment will be commensurate with his culpability." (*Ibid*.) Observing a defendant who attempts to achieve sexual gratification by committing a number of criminal acts is substantially more culpable than a defendant who commits only one such act, the Court concluded: "We therefore decline to extend the single intent and objective test of section 654 beyond its purpose to preclude punishment for each such act." (*Id.* at p. 553; see *People v. Harrison* (1989) 48 Cal.3d 321, 336, 338 ["*Perez* itself is the touchstone in determining how [§ 654's] general principles are to be applied to sex offenses"; a defendant should "not be rewarded where, instead of taking advantage of an opportunity to walk away from the victim, he voluntarily resumed his sexually assaultive behavior"].)

Oritz's multiple sexual convictions were not subject to section 654. As the trial court found, each offense was a distinct act, clearly separated by "interruptions" or points when Ortiz ceased his sexual activity because he feared detection, changed positions with Ivy or engaged in a discussion with her.

---

omission be punished under more than one provision. An acquittal or conviction and sentence under any one bars a prosecution for the same act or omission under any other."

Without questioning any of these fundamental sentencing principles or challenging their application to his case, Ortiz argues the consecutive indeterminate life sentences imposed in this case were improper because violations of section 288.7, subdivisions (a) and (b), are not offenses listed in section 667.6, subdivision (e), and therefore are not subject to section 667.6, subdivision (d)'s requirement that full term, consecutive offenses be imposed for certain specified sex crimes if they involve the same victim on separate occasions. Ortiz's observation about the inapplicability of section 667.6 is correct but wholly irrelevant. Neither the prosecutor in her sentencing memorandum urging imposition of consecutive life terms for Ortiz nor the trial court in explaining its sentencing decision referred in any way to section 667.6; and nothing in the record suggests the court misunderstood the nature of its obligation to sentence Ortiz under sections 288.7 and 669, subdivision (a), which authorizes imposition of life sentences, whether with or without the possibility of parole, "to run consecutively with one another."

To be sure, section 667.6, subdivision (d), contains a definition of "separate occasions"[6] that is generally comparable to the test under *People v. Perez, supra,* 23 Cal.3d 545 and *People v. Harrison, supra*, 48 Cal.3d 321, to determine whether multiple punishment for multiple sex crimes is permissible under section 654. Thus, in discussing its reasons for imposing consecutive sentences, the court referred to many of the same factors that would be germane to an analysis under that different sentencing scheme. That similarity standing alone, however, does not indicate the court relied upon

---

[6]     The second paragraph of section 667.6, subdivision (d), provides, "In determining whether crimes against a single victim were committed on separate occasions under this subdivision, the court shall consider whether, between the commission of one sex crime and another, the defendant had a reasonable opportunity to reflect upon his or her actions and nevertheless resumed sexually assaultive behavior. Neither the duration of time between crimes, nor whether or not the defendant lost or abandoned his or her opportunity to attack, shall be, in and of itself, determinative on the issue of whether the crimes in question occurred on separate occasions."

the wrong statute and provides no basis for reversing the court's proper imposition of separate consecutive sentences for Ortiz's convictions.[7]

### 3. *The Trial Court's Sentencing Findings Did Not Violate Ortiz's Right to a Jury Trial*

In *Apprendi v. New Jersey* (2000) 530 U.S. 466, 490 [120 S.Ct. 2348, 147 L.Ed.2d 435] (*Apprendi*) the United States Supreme Court held any fact that increases the penalty for a crime beyond the prescribed statutory maximum, other than a prior conviction, must be submitted to the jury and proved beyond a reasonable doubt.  In *Alleyne v. United States* (2013) 570 U.S. ___ [133 S.Ct. 2151, 186 L.Ed.2d. 314] (*Alleyne*) the Court held *Apprendi* applies with equal force to facts increasing the mandatory minimum penalty for an offense.  Based on his mistaken assertion his five consecutive indeterminate life terms (aggregating 95 years to life) were imposed under section 667.6, subdivision (d), Ortiz argues the finding of "separate occasions" that is an essential part of that section's mandatory sentencing scheme must be made by the jury, rather than determined by the sentencing judge.

We seriously doubt whether imposition of mandatory, consecutive full term sentences under section 667.6  implicates a defendant's right to a jury trial on facts that are the functional equivalent of elements of an offense.  We need not resolve that question, however, because it is now well established that the trial court's exercise of its discretion to impose consecutive sentences, as occurred in the case at bar, does not fall within the rule of *Apprendi*.  (See *Oregon v. Ice* (2009) 555 U.S. 160, 164, 168 [129 S.Ct. 711, 172 L.Ed.2d 517] [Sixth Amendment does not preclude states from assigning to

---

[7]  The penalty prescribed for a felony violation of section 311.4 is 16 months, two years or three years.  (See §§ 311.9, subd. (b), 1170, subd. (h).)  The trial court erred in imposing a consecutive sentence of one third the middle term (eight months) for this offense, rather than selecting one of the full triad terms (upper, middle or lower) and deciding whether it should be served consecutively or concurrently, since this was the single determinate term offense for which Ortiz was convicted.  (See, e.g., *People v. Rodriguez* (2012) 207 Cal.App.4th 204, 210-211 [trial court separately determines sentence to be imposed for indeterminate term crimes and determinate term crimes].)  Accordingly, the case must be remanded for resentencing as to count 3 only.

judges, rather than to juries, the finding of facts necessary to the imposition of consecutive, rather than concurrent, sentences for multiple offenses]; *People v. McKinzie* (2012) 54 Cal.4th 1302, 1369 [both the United States and California Supreme Courts have rejected the claim that any factfinding engaged in by the trial court in justifying consecutive sentences violates the right to a jury trial].)

### DISPOSITION

The consecutive sentence of a determinate term of eight months on count 3, using a minor as a model for a sexual act (§ 311.4, subd. (c)), is vacated and the matter remanded for resentencing as to that count only. In all other respects the judgment is affirmed.

PERLUSS, P. J.

We concur:

WOODS, J.

SEGAL, J.[*]

---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.