Filed 1/28/14  P. v. Gonzalez CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B246265 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. VA122068) |
| v. | |
| BENJAMIN ANTONIO GONZALEZ, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Thomas I. McKnew, Judge.  Affirmed in part and reversed in part; remanded with directions.

Vanessa Place, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Kenneth C. Byrne, Supervising Deputy Attorney General, and William N. Frank, Deputy Attorney General, for Plaintiff and Respondent.

_____

Defendant Benjamin Antonio Gonzalez appeals from the judgment entered following a jury trial in which he was convicted of numerous counts of sodomy, oral copulation, and lewd acts against children under the age of 14.

Defendant's initial argument is that the trial court erred in imposing a consecutive 25 years to life sentence on count 2 based on a multiple victim allegation made pursuant to Penal Code section 667.61, subdivisions (a) and (e)(4).[1]  Defendant is correct that the trial court erred, but the trial court's error was that Penal Code section 667.61 is inapplicable to the offense charged in count 2, as the Attorney General acknowledges. Moreover, as the Attorney General also acknowledges, the trial court erred in applying section 667.61 to several other counts to which it was inapplicable.

We conclude the trial court improperly sentenced defendant pursuant to section 667.61 with respect to defendant's conviction for offenses that are outside the scope of section 667.61.  For the same reason, we conclude the jury improperly found true section 667.61 allegations with respect to those offenses and strike those findings.

The Attorney General argues that the trial court erred by failing to impose a mandatory parole revocation fine and incorrectly imposed a term of 15 years to life, rather than 25 years to life as required under the 2010 amendment of section 667.61 for one of the defendant's convictions of violating section 288, subdivision (a).  We agree.  We reverse in part as to the foregoing and affirm in all other respects.  Accordingly, we remand for resentencing.[2]

---

[1] Undesignated statutory references are to the Penal Code.  Defendant initially raised, then withdrew a claim that the evidence was insufficient to support one count.

[2] Defendant also initially raised an issue regarding the sufficiency of the evidence supporting count 7, but later withdrew this issue after reviewing matters noted by the Attorney General.

## BACKGROUND

Except for the date of commission of count 9, none of the issues on appeal turns upon the facts underlying the offenses or the presentation of evidence at trial. Accordingly, we merely provide a cursory summary of the case.

Over the course of 11 years, defendant repeatedly engaged in sodomy, oral copulation, and lewd acts with boys under the age of 14. Defendant also attempted a lewd act with a girl under the age of 14 and showed a video recording of himself touching a teenage boy's penis to yet another boy. One of the victims was related to defendant and the rest were children of defendant's friends.

The jury convicted defendant of six counts of sodomy with a child under the age of 10 in violation of section 288.7, subdivision (a), three counts of sodomy of a child under the age of 14 in violation of section 286, subdivision (c)(1), three counts of oral copulation of a child under the age of 14 in violation of section 288a, subdivision (c)(1), eight counts of committing a lewd act upon a child under the age of 14 in violation of section 288, subdivision (a), one count of attempted commission of a lewd act upon a child under the age of 14 in violation of section 288, subdivision (a), and one count of sending harmful matter to a minor in violation of section 288.2, subdivision (a). The jury acquitted defendant of one count of committing a lewd act upon a child under the age of 14 (count 23). With respect to counts 1 through 9, 11 through 19, 21, and 26, the jury found a section 667.61, subdivision (b) multiple victims allegation true.

On the prosecutor's motion, the trial court dismissed counts 19 and 26 at the sentencing hearing because the verdict forms for these counts named the wrong victim. The court had previously dismissed counts 20 and 22 before trial and count 27 during trial. There was no count 10.

The trial court sentenced defendant to an aggregate term of 100 years 8 months to life, consisting of the following terms for each offense:

Count 1–section 288.7, subdivision (a) (sodomy with a child under the age of 10) (victim No. 1), 25 years to life (based upon § 667.61, subd. (b) multiple victims finding);

3

Count 2–section 288.7, subdivision (a) (victim No. 1), 25 years to life, run consecutively (based upon § 667.61, subd. (b) multiple victims finding);

Count 3–section 286, subdivision (c)(1) (sodomy of a child under the age of 14) (victim No. 1), 15 years to life, run concurrently (based upon § 667.61, subd. (b) multiple victims finding);

Count 4–section 288a, subdivision (c)(1) (oral copulation of a child under the age of 14) (victim No. 1), 15 years to life, run concurrently (based upon § 667.61, subd. (b) multiple victims finding);

Count 5–section 286, subdivision (c)(1) (victim No. 1), 15 years to life, run concurrently (based upon § 667.61, subd. (b) multiple victims finding);

Count 6–section 286, subdivision (c)(1) (victim No. 1), 15 years to life, run concurrently (based upon § 667.61, subd. (b) multiple victims finding);

Count 7–section 288a, subdivision (c)(1) (victim No. 2), 15 years to life, run concurrently (based upon § 667.61, subd. (b) multiple victims finding);

Count 8–section 288a, subdivision (c)(1) (victim No. 2), 15 years to life, run concurrently (based upon § 667.61, subd. (b) multiple victims finding);

Count 9– section 288, subdivision (a) (committing a lewd act upon a child under the age of 14) (victim No. 2), 15 years to life, run concurrently (based upon § 667.61, subd. (b) multiple victims finding);

Count 11–section 288, subdivision (a) (victim No. 3), 15 years to life, run concurrently (based upon § 667.61, subd. (b) multiple victims finding);

Count 12–section 288, subdivision (a) (victim No. 3), 15 years to life, run concurrently (based upon § 667.61, subd. (b) multiple victims finding);

Count 13– section 288, subdivision (a) (victim No. 3), 15 years to life, run concurrently (based upon § 667.61, subd. (b) multiple victims finding);

Count 14–section 288, subdivision (a) (victim No. 4), 15 years to life, run concurrently (based upon § 667.61, subd. (b) multiple victims finding);

Count 15–section 288, subdivision (a) (victim No. 4), 15 years to life, run concurrently (based upon § 667.61, subd. (b) multiple victims finding);

Count 16–section 288.7, subdivision (a) (victim No. 4), 25 years to life, run consecutively (based upon § 667.61, subd. (b) multiple victims finding);

Count 17–section 288.7, subdivision (a) (victim No. 4), 25 years to life, run concurrently (based upon § 667.61, subd. (b) multiple victims finding);

Count 18–section 288.7, subdivision (a) (victim No. 4), 25 years to life, run concurrently (based upon § 667.61, subd. (b) multiple victims finding);

Count 21–section 288.7, subdivision (a) (victim No. 5), 25 years to life, run consecutively (based upon § 667.61, subd. (b) multiple victims finding);

Count 24–attempted violation of section 288, subdivision (a) (victim No. 6), 15 years to life, run concurrently;[3]

Count 25–section 288.2, subdivision (a) (sending harmful matter to a minor), 8 months, run consecutively.

## DISCUSSION

## 1.  Inapplicability of section 667.61 to counts 1 through 8, 16 through 18, 21, and 24

With respect to every count other than count 25, the trial court expressly sentenced defendant under the provisions of section 667.61, also known as the One Strike law.  The prosecutor had alleged in the amended information that section 667.61 was applicable to each of these charges except count 24, and defense counsel expressly agreed.  In explaining its sentencing choices the court stated, "Court recognizes that Penal Code section 667.61 is applicable.  Court has discretion, and these young people were coerced in committing—through cooperation with the defendant—some of the acts, but they are still children, and he took advantage of their youth."

---

[3] The trial court erroneously sentenced defendant on count 24 pursuant to section 667.61, subdivision (b), as addressed later in this opinion.

Defendant initially contended that the trial court erred by imposing consecutive sentences of 25 years to life for counts 1 and 2 (convictions of violating section 288.7, subdivision (a) that involved the same victim) pursuant to the jury's multiple victim finding and section 667.61, subdivision (a). The Attorney General notes that section 667.61 is inapplicable to a violation of section 288.7, subdivision (a), but argues that the court properly sentenced defendant to consecutive terms of 25 years to life for counts 1 and 2 because section 288.7, subdivision (a) mandates a sentence of 25 years to life and the trial court stated reasons for running the terms on certain counts consecutively. In his reply brief defendant contends the trial court articulated insufficient reasons for making the terms consecutive in that it cited the youth of the victims, which is inherent in a violation of section 288.7, subdivision (a) (sodomy of a child under the age of 10), and coercion, although there was no coercion shown beyond the offense itself.

The Attorney General further argues that resentencing is required for counts 3 through 8 and 24 because section 667.61 is inapplicable to the offenses of which defendant was convicted in those counts.

**a.  Section 667.61**

Section 667.61 provides for a sentence of either 15 years to life or 25 years to life for the commission of certain enumerated sex offenses under specified circumstances, including committing an enumerated offense against multiple victims. (§ 667.61, subds. (a), (b), (c), (e)(4).)

**b.  Convictions of violating section 288.7 (counts 1, 2, 16, 17, 18, 21)**

Defendant was convicted in counts 1, 2, 16, 17, 18, and 21 of violating section 288.7, subdivision (a), which is not among the enumerated offenses within the scope of section 667.61. (§ 667.61, subd. (c). Thus, both the jury's findings and the trial court's sentences pursuant to section 667.61 in these counts were contrary to law. Although defendant challenges only the sentence on count 2, we may correct an unauthorized sentence whenever it comes to our attention. (*People v. Autry* (1995) 37 Cal.App.4th 351, 364.)

As the Attorney General argues, the mandatory sentence for a violation of section 288.7, subdivision (a) is 25 years to life, the same sentence improperly imposed under section 667.61. The Attorney General thus aptly argues that there is no reason to require the trial court to resentence defendant on counts 1 and 2.

Accordingly, we vacate the jury's section 667.61 findings with respect to counts 1, 2, 16, 17, 18, and 21, but need not reverse the sentence as to these counts.

**c.      Imposition of consecutive terms for counts 1 and 2**

Defendant argues in his reply that the trial court did not state adequate reasons for sentencing him to consecutive terms of 25 years on counts 1 and 2.

Although a trial court is required to state a reason for imposing a consecutive sentence (Cal. Rules of Court, rule 4.406(b)(5); *People v. Powell* (1980) 101 Cal.App.3d 513, 518), defendant did not object at the sentencing hearing to the trial court's statement of reasons apparently intended to explain the court's choice for all of the consecutive terms it imposed. Defendant thus forfeited his claim as to any inadequacy of these reasons. (*People v. Scott* (1994) 9 Cal.4th 331, 352–353, 356.)

Nonetheless, given the necessity of remanding for resentencing on other counts, we reverse the sentence on count 2 and direct the trial court to reconsider its choice of a consecutive term for that count. If the court again chooses to impose a consecutive term for count 2, it must expressly state its reasons with respect to this particular count.

**d.      Convictions of violating sections 286, subdivision (c)(1) (counts 3, 5, 6) and 288a, subdivision (c)(1) (counts 4, 7, 8)**

Defendant was convicted in counts 3, 5, and 6 of violating section 286, subdivision (c)(1) and in counts 4, 7, and 8 of violating section 288a, subdivision (c)(1). Section 667.61 does not apply to either offense. (§ 667.61, subd. (c).) Thus, both the jury's findings and the trial court's sentences pursuant to section 667.61 in these counts were contrary to law and must be reversed. Because section 286, subdivision (c)(1) and section 288a, subdivision (c)(1) provide three possible sentences (three, six, or eight years), remand for resentencing is required.

7

Accordingly, we vacate the jury's findings and reverse the sentences as to these counts and remand for resentencing.

**e.      Conviction of attempted lewd act (count 24)**

Defendant was convicted in count 24 of an attempt to violate section 288, subdivision (a).  Section 667.61 is inapplicable to an attempt to commit any of the enumerated offenses.  (*People v. Rodriguez* (2012) 207 Cal.App.4th 204, 217.)  In addition, the amended information did not include a section 667.61 allegation for count 24 and the jury did not make such a finding.  For all of these reasons, the trial court erred by sentencing defendant pursuant to section 667.61 for count 24.  Because the offense was an attempt, section 664, subdivision (a) requires that the trial court impose only half of the term it selects from the three possible sentences prescribed for a violation of section 288 (three, six, or eight years).

Accordingly, we reverse and remand for resentencing as to count 24.

**2.      The trial court failed to apply the correct version of section 667.61 to count 9**

In count 9 defendant was convicted of a September 24, 2011 violation of section 288, subdivision (a) (lewd act against a child under the age of 14).  The trial court imposed a concurrent term of 15 years to life pursuant to section 667.61, subdivision (b) for this count and other violations of section 288, subdivision (a) that occurred between 2000 and 2005 (counts 11–15).

In 2010, section 667.61 was amended to include subdivision (j)(2), which provides, "Any person who is convicted of an offense specified in subdivision (c) under one of the circumstances specified in subdivision (e), upon a victim who is a child under 14 years of age, shall be punished by imprisonment in the state prison for 25 years to life."  The amendment became operative on September 9, 2010.[4]  One of the

_____

[4] The statute was again amended in 2011, with an effective date of September 29, 2011, but subdivisions (e)(4) and (j)(2) were not changed and continue in effect.

8

circumstances specified in subdivision (e) is the commission of an enumerated offense against multiple victims. (§ 667.61, subd. (e)(4).)

Subdivision (j)(2) of section 667.61, as amended in 2010, applied to count 9, but not counts 11 through 15, which were committed prior to the effective date of the amendment. Thus, the trial court was required to impose a term of 25 years to life for count 9, not 15 years to life.

Although we could modify defendant's sentence for count 9, given the necessity of remanding for resentencing for the reasons stated in part 1 of this opinion, we vacate the sentence in count 9 and direct the trial court to resentence on that count.

**3.     The trial court erred by failing to impose a parole revocation restitution fine**

The trial court imposed a $5,000 restitution fine pursuant to section 1202.4, subdivision (b), but failed to impose a parole revocation restitution fine as required by section 1202.45. The fine under the latter statute must be the same amount as the section 1202.4, subdivision (b) fine.

The Attorney General asks this court to modify the judgment by imposing the section 1202.45 fine. Given the necessity of remanding for resentencing, we simply direct the trial court to impose the section 1202.45 fine.

## DISPOSITION

The jury's findings pursuant to Penal Code section 667.61 are vacated with respect to counts 1 through 8, 16 through 18, and 21. The sentences for counts 2 though 9 and 24 are reversed and the matter is remanded for resentencing on those counts in accordance with this opinion. The trial court is directed to impose a Penal Code section 1202.45 parole revocation restitution fine of $5,000 and to issue an amended abstract of judgment reflecting that fine as well as the new sentence. The court is further directed to send a copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation. The judgment is otherwise affirmed.

NOT TO BE PUBLISHED.


                                        MILLER, J.*

We concur:


        ROTHSCHILD, Acting P. J.


        CHANEY, J.

_____

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.