Filed 6/6/25  P. v. Thomas CA1/5
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>CHARLES LEON THOMAS,<br><br>　　　Defendant and Appellant. | A170260<br><br><br>(Contra Costa County<br>Super. Ct. No. 05000322396) |

　　　Defendant appeals following his resentencing under Penal Code section 1172.75, which limits the imposition of prior prison term enhancements.[1]  On appeal, he contends his sentence of 25 years to life for attempted rape is an unauthorized sentence because section 667.61, the "One Strike" law, does not apply to attempted rape.  He further contends the trial court erred in applying section 667.6, subdivision (d) to the attempted rape conviction.  The People concede, and we agree, remand for resentencing is required.

**BACKGROUND**

　　　In November 2003, the Contra Costa County District Attorney filed an information charging defendant with rape (§ 261, subd. (a)(2); count one); attempted rape (§§ 261, subd. (a)(2), 664; count two); residential burglary (§§ 459, 460, subd. (a); count three); criminal threats (§ 422; count four); and

---

[1] All statutory references are to the Penal Code.

1

false imprisonment (§§ 236, 237; count five). The information also alleged the rape took place during the commission of a burglary and involved tying and binding (§ 667.61, subds. (a), (d), (e), (e)(6); One Strike law); defendant had three prior strikes (§§ 667, subds. (b)–(i), 1170.12; "Three Strikes" law) and two prior serious felony convictions (§ 667, subd. (a)(1)); and defendant had served three prior prison terms (§ 667.5, subd. (b)). In 2004, a jury found defendant guilty on all counts. In a separate court trial, the court found true the enhancement allegations, all three prior strike allegations, the two prior serious felony allegations, and all prior prison term allegations.[2]

On December 2, 2004, the trial court sentenced defendant to 75 years to life on count one. On count two, he was sentenced to a consecutive term of 25 years to life. On counts three, four, and five, defendant was sentenced to 25 years to life for each count and the sentences were stayed pursuant to section 654. The trial court imposed additional five-year terms for each of defendant's two prior serious felony convictions, plus an additional one-year term for each of defendant's three prior prison terms. Defendant's total sentence was 113 years to life.

In our unpublished opinion (*People v. Thomas* (Mar. 30, 2006, A108687)), we ordered two of defendant's one-year prior prison enhancements to be struck, resulting in a total sentence of 111 years to life.

On February 6, 2024, defendant filed a motion for recall of sentence and full resentencing pursuant to section 1172.75.[3] The People conceded that

---

[2] We do not summarize the facts underlying the charges because they are not relevant to the issues on appeal.

[3] Effective January 1, 2020, Senate Bill No. 136 (2019–2020 Reg. Sess.) amended section 667.5 by limiting the imposition of prior prison term enhancements to prior terms for sexually violent offenses. (Stats. 2019, ch. 590, § 1; see § 667.6, subd. (b).) Effective January 1, 2022, Senate Bill No. 483 (2021–2022 Reg. Sess.) made the change retroactive. (Stats. 2021,

defendant's section 667.5, subdivision (b) prior prison term enhancement was not based on a prior sexually violent offense and should be struck. The People also agreed the trial court should strike the two five-year prior serious felony enhancements imposed under section 667, subdivision (a). The trial court struck the one-year prior prison enhancement and the two five-year prior serious felony enhancements but declined to further reduce defendant's sentence. It resentenced defendant to 100 years to life in prison.

## DISCUSSION

Defendant argues that his 25-year-to-life sentence on count two for attempted rape is an unauthorized sentence. He correctly contends that section 667.61, the One Strike law, does not apply to attempt crimes. (*People v. Rodriguez* (2012) 207 Cal.App.4th 204, 217 [attempted sodomy does not fall within § 667.6 or the One Strike law]; §§ 667.6, subds. (d) & (e), 667.61, subd. (c).) Although defendant did not raise this issue in the trial court, the parties agree that defendant's sentence on count two is an unauthorized sentence that may be raised for the first time on appeal. (*People v. Scott* (1994) 9 Cal.4th 331, 354.) Section 667.61, subdivision (a) states: "[A] person who is convicted of an offense specified in subdivision (c) . . . shall be

ch. 728, § 1.) Section 1172.75, subdivision (a) provides, "Any sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense . . . is legally invalid." Section 1172.75, subdivision (c) provides for resentencing. Subdivision (d) states, "Resentencing pursuant to this section shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety," and, "The court shall apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing."

3

punished by imprisonment in the state prison for 25 years to life." Section 667.61, subdivision (c) includes rape but does not include attempted rape. Accordingly, the trial court was not authorized to sentence defendant to 25 years to life for attempted rape, and remand is required.

Defendant also argues the trial court erred by imposing a consecutive sentence for attempted rape under section 667.6, subdivision (d)(2). The People assert it is not necessary to decide this issue because the trial court will have an opportunity to consider the parties' positions regarding concurrent or consecutive sentencing on remand. We address the issue because the record reflects that in addition to erroneously applying the One Strike law to count two, the trial court also applied another statutory sentencing provision (§ 667.6, subd. (d)(2)) that is inapplicable under the facts of this case.

Defendant is correct that section 667.6, subdivision (d) does not apply to him because he was not convicted of more than one enumerated sex offense. (*People v. Jones* (1988) 46 Cal.3d 585, 594, fn. 5.) Section 667.6, subdivision (d) provides for a full, separate, and consecutive sentence for each violation of certain enumerated sex offenses involving the same victim on separate occasions. In determining whether the crimes were committed on separate occasions, "the court shall consider whether, between the commission of one sex crime and another, the defendant had a reasonable opportunity to reflect upon the defendant's actions and nevertheless resumed sexually assaultive behavior." (§ 667.6, subd. (d)(2).) Attempted rape is not one of the enumerated sex offenses to which section 667.6, subdivision (d) applies. (§ 667.6, subd. (e); *People v. Rodriguez, supra*, 207 Cal.App.4th at p. 217.) The record reflects that at the resentencing hearing, the trial court noted the original sentencing judge found that section "667.6(d)(2) applied"

4

and "it would be hard for me to justify disturbing that factual finding . . . ." On remand, the trial court may not apply section 667.6, subdivision (d)(2).

## DISPOSITION

Defendant's sentence on count two is vacated. We remand for resentencing on count two. In all other respects, the judgment is affirmed.

                                        Jackson, P. J.

WE CONCUR:

Burns, J.
Chou, J.

A170260/*People v. Charles Leon Thomas*

5