Filed 2/18/26  P. v. Venable CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B336719 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. XSCTA105336) |
| v. | |
| MAURICE VENABLE, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Tammy Chung Ryu, Judge. Affirmed.

Johanna Pirko, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven D. Matthews and Analee J. Brodie, Deputy Attorneys General, for Plaintiff and Respondent.

————————————————

# INTRODUCTION

Defendant Maurice Venable appeals the trial court's order on his Penal Code[1] section 1172.75 resentencing petition entered in Los Angeles County Superior Court case No. XSCTA105336 (the 336 case). Venable contends the court erred in failing to, as part of the 336 case resentencing, recall his sentence in a different case—Los Angeles County Superior Court case No. XSCTA117553 (the 553 case). He further contends he was denied due process because he was not present at the resentencing hearing in the 336 case.

We conclude Venable was ineligible for section 1172.75 resentencing. At the time of his resentencing, he had completed his sentence on the judgment that included the section 667.5, former subdivision (b)[2] enhancements to which section 1172.75 is targeted. The sentence Venable was still serving resulted from an independent judgment, rendered in the 553 case, that did not include a section 667.5(b) enhancement. His "current judgment" was therefore not one giving rise to resentencing eligibility under section 1172.75.

As Venable was ineligible for resentencing at all, his absence from the resentencing hearing was not a violation of his due process rights.

Though the trial court erred in resentencing Venable at all, we affirm because the People failed to raise the issue below or appeal the court's reduction in his completed sentence and the court's act was not extrajurisdictional.

---

[1]    Undesignated statutory references are to the Penal Code.

[2]    Hereinafter, section 667.5(b).

2

## BACKGROUND

In the 336 case, Venable was convicted in 2009 for a 2008 crime and sentenced to a determinate term of nine years in state prison. Three years of this term were imposed as enhancements under section 667.5(b), commonly known as "prison prior" enhancements.

While Venable was incarcerated on the 2009 conviction, the People brought new charges against him for crimes he committed in 2007, thereby commencing the 553 case. In 2011, Venable was convicted in the 553 case and sentenced to an indeterminate term of 105 years to life. This sentence did not include any section 667.5(b) enhancement. The abstract of judgment in the 553 case addresses the sentence in the 336 case as follows: "[Venable] to serve prison sentence in [the 336 case] first and then start time in [the 553 case]."

In 2021, Senate Bill No. 483 (2021–2022 Reg. Sess.) enacted section 1171.1 (Stats. 2021, ch. 728, §§ 1, 3), later renumbered without substantive change as section 1172.75 (Stats. 2022, ch. 58, § 12). Section 1172.75 declares: "Any sentence enhancement that was imposed prior to January 1, 2020, pursuant to [section 667.5(b)], except for any enhancement imposed for a prior conviction for a sexually violent offense as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code is legally invalid." (§ 1172.75, subd. (a).)

To facilitate relief to persons serving time on invalidated section 667.5(b) enhancements, section 1172.75 directed the Department of Corrections and Rehabilitation (DCR) to "identify those persons in their custody currently serving a term for a judgment that includes an [invalidated section 667.5(b) enhancement] and . . . provide the name of each person, along with [other identifying information] to the sentencing court that

3

imposed the enhancement." (§ 1172.75, subd. (b).) In 2022, pursuant to this directive, the DCR forwarded Venable's information to the trial court.

Section 1172.75, subdivision (c) provides that, "Upon receiving the information described in subdivision (b), the [sentencing] court shall review the judgment and verify that the current judgment includes a sentencing enhancement described in subdivision (a). If the court determines that the current judgment includes an enhancement described in subdivision (a), the court shall recall the sentence and resentence the defendant." (*Ibid.*)

In 2023, the trial court held a resentencing hearing pursuant to section 1172.75, subdivision (c) in the 336 case. Venable was not present at the hearing. Despite recognizing Venable "has already served his time on this case," the court proceeded to resentence him in the 336 case, but not in the 553 case. The court reduced Venable's sentence in the 336 case by five years.

Venable timely appealed. The People did not appeal at all.

## DISCUSSION

### I. Venable Was Not Eligible for Section 1172.75 Resentencing

The resolution of this appeal turns on Venable's eligibility for relief under section 1172.75. As this poses a question of statutory interpretation, our review is de novo. (*People v. McKean* (2025) 115 Cal.App.5th 46, 51 (*McKean*).)

The central question is as follows: Under section 1172.75, is an individual serving an indeterminate sentence on a judgment that does not include a section 667.5(b) enhancement entitled to resentencing where the sentence being served began at the conclusion of a determinate sentence on a judgment that did

4

include a section 667.5(b) enhancement? We answer the question in the negative.

The plain language of section 1172.75 compels our conclusion. Subdivisions (b) and (c) make clear that eligibility for relief turns on whether the individual is "currently serving a term" under a "current judgment [that] includes [an invalidated section 667.5(b) enhancement]." Only if the "current judgment includes [such an enhancement]" is the individual entitled to resentencing. (*Id.*, subd. (c).)

It is undisputed that Venable's sentence in the 336 case, which was determinate, included invalidated section 667.5(b) enhancements. This is clear on the face of the abstract of judgment in the 336 case. It is also undisputed that (i) Venable completed the term imposed by the judgment in the 336 case; and (ii) immediately thereafter began serving the indeterminate term imposed by the judgment in the 553 case. The face of the abstract of judgment in the 553 case shows no invalidated section 667.5(b) enhancements. Venable petitioned for resentencing after the indeterminate term in the 553 case began. Still, Venable insists he is eligible for resentencing because he views his sentences under the two judgments as a single sentence.

Notwithstanding Venable's complaint that "the [trial] court failed to consider [his] aggregate sentence," the eligibility inquiry under section 1172.75 focuses on judgments.[3] Venable's ongoing term of incarceration resulted from two separate and

---

[3] For this reason, Venable's reliance on *In re Brown* (2024) 104 Cal.App.5th 969 fails. *In re Brown* addressed a request for parole under section 3055. One eligibility criterion under section 3055 is that the inmate "has served a minimum of 20 years of continuous incarceration on the inmate's current *sentence . . . .*" (*Id.,* subd. (a), italics added.)

independent judgments. Because he completed the term imposed under the first, and because his "current judgment" does not include any section 667.5(b) enhancement (§ 1172.75, subd. (c)), he is not "currently serving a term for a judgment that includes [an invalidated section 667.5(b)] enhancement" (§ 1172.75, subd. (b)).

To accept that Venable is entitled to resentencing in the 553 case, we would have to, among other things, read the following italicized language into section 1172.75, subdivision (c): "If the [sentencing] court determines that the current judgment, *or judgment to which the term under the current judgment ran consecutively,* includes*, or included,* an enhancement described in subdivision (a), the court shall recall the sentence and resentence the defendant." It is not our role to rewrite statutes.

Notably, there are instances in which an enhancement imposed pursuant to a judgment of conviction will carry forward into, and be made part of, a subsequent judgment of conviction. This may occur in the context of serial *determinate* sentences ordered to run consecutively. Under section 1170.1, a person convicted of two or more felonies in different proceedings and sentenced to consecutive determinate terms is entitled to have their sentence aggregated into a single term. That term is "the sum of the principal term, the subordinate term, and any additional term imposed for applicable enhancements for prior convictions, prior prison terms, and Section 12022.1." (§ 1170.1, subd. (a); see also Cal. Rules Court, rule 4.452(a).) Under these circumstances, the defendant's sentences are aggregated, or "combined" (rule 4.452(a)), and the aggregated sentence must be expressed in the later judgment. *In re Rodriguez* (2021) 66 Cal.App.5th 952, 964, illustrates a section 667.5(b) enhancement imposed in a prior conviction being "inclu[ded] in

an aggregate term of imprisonment following a later criminal proceeding." (See also *People v. Christianson* (2023) 97 Cal.App.5th 300, 306–307, 315 [entire sentence subject to resentencing where the defendant had two determinate sentences].)

Where, as here, a defendant's later conviction is punishable by an indeterminate term, section 1170.1's rules do not apply. As a result, the determinate term imposed pursuant to an earlier judgment is not aggregated with the new, indeterminate term. Rather, indeterminate terms must be "considered and calculated independently" of determinate sentences because they are subject to different sentencing schemes. (*People v. Reyes* (1989) 212 Cal.App.3d 852, 856; see also *People v. Rodriguez* (2012) 207 Cal.App.4th 204, 211 [determinate and indeterminate sentencing conceptualized as " 'sentencing in separate boxes' " and " '[n]othing in the sentencing for the determinate term crimes is affected by the sentences for the indeterminate term crime[s]' "].) Indeed, when an individual serving a determinate sentence is given a consecutive indeterminate term, "the determinate term of imprisonment shall be served first and no part thereof shall be credited toward the person's eligibility for parole . . . ." (§ 669, subd. (a).)

Venable's judgment in the 553 case follows these rules. Because his sentence in that case was indeterminate, the trial court did not combine it with his determinate sentence in the 336 case and the invalidated section 667.5(b) enhancements were not brought forward into the new judgment. Instead, the court ordered the new sentence to operate separately, commencing only upon the conclusion of the sentence in the 336 case.

Given the separateness between consecutive determinate and indeterminate sentences, we find support for our reading of

7

section 1172.75 in *People v. Escobedo* (2023) 95 Cal.App.5th 440 (*Escobedo*) and *McKean*, *supra*, 115 Cal.App.5th 46. Each of these cases addressed eligibility for section 1172.75 resentencing by an individual serving a term for a conviction on an in-prison offense. In each case, the term for the in-prison offense was consecutive to a completed determinate term that included an invalidated section 667.5(b) enhancement. In each case, the court found the defendant ineligible for resentencing because his "current judgment" was for the in-person offense, which was distinct from the judgment which contained the section 667.5(b) enhancement. (*Escobedo*, at p. 451; *McKean*, at p. 54.)

The *Escobedo* and *McKean* courts found the judgments distinct because, like indeterminate sentences, sentences for in-prison offenses are not subject to aggregation with determinate sentences for out-of-prison offenses under section 1170.1. (§ 1170.1, subd. (c); *Escobedo*, *supra*, 95 Cal.App.5th at pp. 451–452; *McKean*, *supra*, 115 Cal.App.5th at p. 53.)

As the *Escobedo* court explained, " 'a term for an in-prison offense . . . begins to run at the end of the prison term imposed for the original out-of-prison offenses. [Citations.] . . . Thus, "the term for an in-prison offense does not become part of the aggregate prison term imposed for those offenses which were committed 'on the outside.' Instead, the defendant is imprisoned for a total term consisting of the sum of his aggregate sentence computed under section 1170.1(a) plus the new aggregate term imposed under section 1170.1(c). [Citation.] The latter term starts to run at the end of the prison term imposed for the defendant's original 'outside' offense. [Citation.]" [Citations.] [¶] Thus, [the defendant's] consecutive sentence for his . . . in-prison offense is not merged or aggregated with his original term for the . . . out-of-prison offense. Instead, the two terms are treated as

8

separate terms, with the term for the in-prison offense beginning only when [the defendant] completes the term for his out-of-prison offense.' " (*Escobedo*, *supra*, 95 Cal.App.5th at p. 452.) The *McKean* court agreed this distinction was dispositive of whether the defendant was " 'currently serving a term for a judgment' " that included an invalidated section 667.5(b) enhancement. (*McKean*, *supra*, 115 Cal.App.5th at p. 54.)

For the reasons already discussed, Venable's indeterminate sentence related to his completed determinate sentence in precisely the same way the *Escobedo* and *McKean* defendants' sentences for their in-prison offenses related to their completed determinate sentences. Venable's indeterminate sentence did not become " ' "part of," ' " or " 'merge' " or " 'aggregate[]' " with, the determinate term. (*Escobedo*, *supra*, 95 Cal.App.5th at p. 452.) It began to run only at the conclusion of his determinate term and otherwise remained " 'separate' " from the determinate term. (*Ibid.*) Thus, the reasoning of *Escobedo* and *McKean* applies with equal force to our facts.

## II.    No Due Process Violation

Because we conclude Venable was not entitled to a resentencing hearing at all, we must conclude he was not entitled to be present at the gratuitous hearing the trial court conducted.

## III.    We Will Not Disturb the Trial Court's Order

Because the People neither raised it below nor on appeal, we requested supplemental briefing (Gov. Code, § 68081) on whether Venable was entitled to resentencing at all. We also asked the parties to brief, if Venable was ineligible to begin with, how we should address the resentencing the trial court ordered.

The People contend we should vacate the trial court's resentencing order because it "lacked jurisdiction to resentence [Venable] on the 336 case." We disagree.

9

A trial court obtains jurisdiction to resentence a defendant under section 1172.75 when the DCR forwards the defendant's information to the court pursuant to section 1172.75, subdivision (b). (*People v. Cota* (2023) 97 Cal.App.5th 318, 332.) That occurred here. The trial court thus had jurisdiction. It erred in exercising that jurisdiction when it made an implied finding, under section 1172.75, subdivision (c), that Venable's "current judgment includes" an invalidated section 667.5(b) enhancement. The People could have raised the issue below or attempted to raise it on appeal. (See § 1238, subd. (a)(10) [People may appeal "sentence based upon an unlawful order of the court which strikes or otherwise modifies the effect of an enhancement"].) They did neither. We therefore deem the issue waived.

**DISPOSITION**

The judgment is affirmed.

RICHARDSON, J.

WE CONCUR:

CHAVEZ, Acting P. J.

GILBERT, J.*

---

* Retired Presiding Justice of the Court of Appeal, Second Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.