Filed 10/16/25  P. v. Tozier CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B336582 |
| Plaintiff and Respondent, | Los Angeles County |
| v. | Super. Ct. No. GA078621 |
| ERIC LEROY TOZIER, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Suzette Clover, Judge.  Affirmed.

Christopher Love, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Idan Ivri and Roberta L. Davis, Deputy Attorneys General, for Plaintiff and Respondent.

————————————

Eric Tozier applied for resentencing under section 1172.75. The trial court deleted one type of enhancement from the abstract of judgment because the Legislature has now invalidated that enhancement but found it could not otherwise resentence Tozier because it had originally sentenced Tozier under the One Strike law, which barred any changes of the kind Tozier requested.  The trial court was correct.  Tozier has forfeited additional arguments for further resentencing.

All code citations are to the California Penal Code.

I

In 2013, a jury convicted Tozier of kidnapping to commit another crime (§ 209, subd. (b)(1); count 1), attempted forcible rape (§§ 664 & 261, subd. (a)(2); count 2), forcible rape (§ 261, subd. (a)(2); count 3), sodomy by use of force (§ 286, subd. (c)(2); count 4), forcible oral copulation (§ 288a, subd. (c)(2); count 5), and two counts of sexual penetration by a foreign object (§ 289, subd. (a)(1); counts 7, 10).

As to all these counts, the jury found it to be true Tozier personally used a deadly and dangerous weapon (§§ 12022, 12022.3).  The jury also found multiple One Strike circumstances true as to counts 3, 4, 5, 7, and 10. (§ 667.61, subds. (a), (b), (d), (e)).  Tozier admitted prior conviction allegations.

The trial court sentenced Tozier to a total of nine years plus 50 years to life in state prison, consisting of the One Strike term of 25 years to life on count 3, doubled pursuant to the Three Strikes law, plus four years for a weapon use enhancement under section 12022.3, and five years for a prior serious felony enhancement.  The trial court stayed the sentences on other counts and enhancements, including two prior prison term

2

enhancements under former section 667.5, subdivision (b), or ordered those sentences to run concurrently.

The convictions supporting the former section 667.5, subdivision (b) enhancements were for burglary (§ 459) and failure to register as a sex offender (§ 290). A third former section 667.5, subdivision (b), offense was also alleged for forcible lewd acts (§ 288, subd. (b)(1)). That offense was used to support a section 667, subdivision (a), prior serious felony enhancement.

The Court of Appeal affirmed this judgment. (*People v. Tozier* (July 30, 2014, B250830) [nonpub. opn., 2014 WL 3736128].)

In 2019, the California Legislature passed Senate Bill No. 136 (2019-2020 Reg. Sess.) (Senate Bill 136), which amended section 667.5, subdivision (b) to limit prior prison term enhancements to prison terms for specified sexually violent offenses.

In 2023, the court recalled Tozier's sentence and appointed counsel for resentencing pursuant to section 1172.75.

Tozier asked the court whether resentencing on the One Strike term was allowed. The People opposed the request on the grounds section 667.61 prohibited the court from doing so and Tozier was ineligible for section 1172.75 resentencing because the trial court had stayed the prior prison term enhancements.

Tozier's counsel filed a resentencing brief arguing Tozier should be resentenced, but specifically stating counsel had not yet marshalled the evidence needed to support discretionary resentencing under section 1385. He reiterated this position at the hearing on the motion.

The trial court found section 667.61, subdivision (g) did not allow any of Tozier's enhancements to be stricken. Section

667.61, subdivision (g) says "notwithstanding Section 1385 or any other law," enhancements listed under subsections (c) and (d) may not be stricken. The trial judge said that, even if she had discretion, she anticipated she would not resentence defendant under section 1385 due to the circumstances of the case she witnessed at trial.

The court denied the motion and issued an amended abstract of judgment with the section 667.5, subdivision (b), enhancements omitted.

Tozier appealed from the court's order.

## II

Tozier's resentencing brief to the trial court made a single request: that the trial court declare Tozier eligible for resentencing 1) despite the fact Tozier's prison prior enhancements were stayed and 2) notwithstanding section 667.61, subdivision (g). This very limited request is important to our analysis.

## A

The trial court found staying the prison prior enhancements *did not* prevent resentencing. We agree, as did the California Supreme Court recently in *People v. Rhodius* (2025) 17 Cal.5th 1050, 1054 ["Penal Code section 1172.75 entitles a defendant to resentencing if the underlying judgment includes a prior-prison-term enhancement that was imposed before January 1, 2020, regardless of whether the enhancement was then executed or instead stayed"].

## B

The trial court went on to find section 667.61, subdivision (g) *did* prevent resentencing. The statutory language is entirely clear: "*Notwithstanding Section 1385 or any other law*, the court

4

shall not strike any allegation, admission, or finding of any of the circumstances specified in subdivision (d) or (e) for any person who is subject to punishment under this section." (§ 667.61, subdivision (g), italics added.) Tozier concedes this point in appellate briefing.

When the language in a statute is clear and unambiguous, the courts will "presume the Legislature meant what it said, and the plain meaning of the statute controls." (*Hughes v. Pair* (2009) 46 Cal.4th 1035, 1047.) We therefore agree with the trial court.

C

Rather than press this argument, Tozier's appellate briefing pivots to others, which he has, however, forfeited.

Tozier says we should strike the prior strike. Tozier made no such request in the trial court.

Tozier argues we should strike the five-year section 667, subdivision (a)(1) prior serious felony enhancement. Again, this was not included in the trial court request.

Tozier further argues we should strike the four-year section 12022.3 deadly weapon enhancement because it was used in an invalid manner. As before, this issue was not part of the trial court request. However, we note this enhancement is invalid only if used twice. (*People v. Rodriguez* (2012) 207 Cal.App.4th 204, 214.) Here it was not used twice. The trial court said on the record at sentencing it was using that circumstance under section 667.61, subdivision (d). Multiple other circumstances were used for the section 667.61, subdivision (e) enhancement.

Striking any of the above at this point would require the court to exercise its discretion under section 1385. This would need to be based on evidence provided by Tozier – evidence not presented to the trial court.

Tozier argues under *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, trial courts must always have discretion to invalidate strikes and enhancements. It follows from this, according to Tozier, the trial court here should have exercised discretion under section 1385. But Tozier did not make a *Romero* request or put on the section 1385 evidence necessary for the exercise of such discretion.

The trial court committed no error. (*People v. Partida* (2005) 37 Cal.4th 428, 435 ["A party cannot argue the court erred in failing to conduct an analysis it was not asked to conduct"].)

Tozier asks we declare the trial court must hold another hearing with evidence for the purposes of analysis under section 1385. Tozier argues that, if we do not, the case will return to us for further proceedings based on ineffective assistance of counsel. Tozier did not brief this issue. We do not rule upon it.

## DISPOSITION

The order is affirmed.

WILEY, J.

We concur:

STRATTON, P. J.

VIRAMONTES, J.

6