Filed 12/4/25  P. v. Muwwakkil CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E083924 |
| v. | (Super.Ct.No. RIF103413) |
| JAMEEL RASHARD MUWWAKKIL, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge. Affirmed.

Laura Vavakin, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Steve Oetting and Evan Stele, Deputy Attorneys General, for Plaintiff and Respondent.

At a hearing pursuant to Penal Code section 1172.75,[1] the court found defendant and appellant Jameel Rashard Muwwakkil ineligible for a full resentencing hearing.  On appeal, defendant contends this court should reverse the order and remand the matter to the trial court with directions to hold a full resentencing hearing.  We affirm.

## I.  PROCEDURAL BACKGROUND

On March 25, 2004, defendant pled guilty to perjury (§ 118, count 1), false impersonation (§ 529, count 2), and resisting or obstructing an officer (§ 69, count 3). Defendant also admitted he had suffered two prior prison terms (§ 667.5, subd. (b)) and a prior strike conviction (§ 667, subds. (c) & (e)(1)).  (*People v. Muwwakkil* (Feb. 2, 2004, E032596) [nonpub. opn.] (*Muwwakkil*).)

On April 30, 2004, the court sentenced defendant to a term of seven years four months of imprisonment, which included one year on each of the prior prison term enhancements; the court ordered that the sentence be served concurrently to defendant's prior sentence in another case, which consisted of a determinate term of 15 years, followed by an indeterminate term of 50 years to life.[2]  (*Muwwakkil*, *supra*, E032596.)

---

[1]  All further statutory references are to the Penal Code.

[2]  Defendant notes that without the sentencing transcripts, "it cannot be determined with any certainty whether the court's oral pronouncement included an order that the sentence, in this case, run concurrent or consecutive, or consecutive in part, with any other sentence."  However, defendant's initial plea agreement, which was later replaced with the instant one with less time, expressly provided that his sentence in this case would be concurrent to his existing sentence.  Moreover, the minute order from his sentencing in this case expressly reflects "TIME TO RUN CONCURRENT WITH CURRENT PRSION SEN."  Furthermore, pursuant to section 669, subdivision (b), "Upon the failure of the court to determine how the terms of imprisonment on the second

*[footnote continued on next page]*

At an unreported hearing on December 21, 2023, at which defendant was represented by counsel,[3] the court found defendant ineligible for resentencing and denied defendant's "motion" for resentencing.

## II. DISCUSSION

Defendant contends this court should reverse and remand the matter with directions to the trial court to hold a full resentencing hearing. The People maintain that since defendant has completed the term of incarceration that included his prior prison term enhancements, he is not entitled to a resentencing hearing. We affirm.

"In 2019, in an effort to reduce the societal and fiscal burdens of incarceration, the Legislature passed Senate Bill No. 136 (2019–2020 Reg. Sess.) (Senate Bill No. 136), which amended section 667.5(b) to eliminate prior-prison-term enhancements for all prior crimes except for 'sexually violent offense[s] as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code.' (Stats. 2019, ch. 590, § 1.) In 2021,

---

or subsequent judgment shall run, the term of imprisonment on the second or subsequent judgment shall run concurrently." Finally, we note that "'defendant . . . bears the burden to provide a record on appeal which affirmatively shows that there was error below, and any uncertainty in the record must be resolved against the defendant.' [Citation.]" (*People v. Moore* (2021) 68 Cal.App.5th 856, 866.)

[3] "[S]ection 1172.75 does not authorize a defendant to seek resentencing on his or her own motion or petition. Rather the process is triggered by the Department of Corrections and Rehabilitation [(CDCR)] identifying a defendant as a person serving a sentence that includes a prior prison term enhancement. [Citation.]" (*People v. Cota* (2023) 97 Cal.App.5th 318, 332; accord, *People v. Newell* (2023) 93 Cal.App.5th 265, 268; accord, *People v. Burgess* (2022) 86 Cal.App.5th 375, 382 [Lower and appellate courts lack jurisdiction over a request for section 1172.75 relief brought solely by a defendant].) We granted defendant's request that we take judicial notice of a CDCR list, which identifies individuals potentially eligible for section 1172.75 relief; defendant's name appears on that list.

Senate Bill No. 483 (2021–2022 Reg. Sess.) made this change retroactive. It enacted Penal Code section 1171.1 (Stats. 2021, ch. 728, §§ 1, 3), later renumbered without substantive change as Penal Code section 1172.75 (section 1172.75) (Stats. 2022, ch. 58, § 12), which declares: 'Any sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code is legally invalid.' [Citation.]" (*People v. Rhodius* (2025) 17 Cal.5th 1050, 1054 (*Rhodius*).)

"A defendant serving a term for a judgment that includes a now-invalid enhancement is entitled to resentencing. [Citation.] To facilitate the process, the statute directs [the CDCR] to 'identify those persons in their custody currently serving a term for a judgment that includes an enhancement described in subdivision (a).' [Citation.] Upon receiving that information, the sentencing court must 'review the judgment and verify that the current judgment includes a sentencing enhancement described in subdivision (a).' [Citation.] 'If the court determines that the current judgment includes an enhancement described in subdivision (a), the court shall recall the sentence and resentence the defendant.' [Citation.] The statute provides separate deadlines for identification, review, and resentencing of 'individuals . . . currently serving a sentence based on the enhancement' and 'all other individuals.' [Citation.]" (*Rhodius*, *supra*, 17 Cal.5th at p. 1055.)

"Section 1172.75, subdivision (d) sets forth detailed instructions for resentencing once a sentence has been recalled. As relevant here, subdivision (d) specifies: 'Resentencing pursuant to this section shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety. Resentencing pursuant to this section shall not result in a longer sentence than the one originally imposed.' [Citation.] The trial court must 'apply the sentencing rules of the Judicial Council' as well as 'any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing.' [Citation.] In addition, the court may 'consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice.' [Citation.]" (*Rhodius*, *supra*, 17 Cal.5th at p. 1055.)

"When a person is convicted of two or more crimes, whether in the same proceeding or court or in different proceedings or courts, and whether by judgment rendered by the same judge or by different judges, the second or other subsequent judgment upon which sentence is ordered to be executed shall direct whether the terms of imprisonment or any of them to which he or she is sentenced shall run concurrently or

5

consecutively." (§ 669, subd. (a).) "When the defendant is sentenced to determinate and indeterminate terms, the determinate term is served first. [Citation.]" (*People v. Rodriguez* (2012) 207 Cal.App.4th 204, 211.)

Where a defendant has served the entirety of the sentence, which included the prior prison term enhancement, the defendant is not entitled to section 1172.75 relief with respect to that sentence. (*People v. Escobedo* (2023) 95 Cal.App.5th 440, 447 ["The People correctly argued that [defendants] were not eligible for relief under section 1172.75 because they were not currently serving the sentences imposed for the prior prison term enhancements."].) "[T]he Legislature explained its intent in enacting section 1172.75 in an uncodified preamble to the statute that suggests no intention to extend resentencing to defendants who have completed a term of imprisonment that included time for prison priors." (*People v. McKean* (2025) 115 Cal.App.5th 46, 54, fn. 3.)

Here, defendant is not eligible for section 1172.75 relief because he is not *currently* serving a term for a judgment that includes a section 667.5, subdivision (b) enhancement. The court imposed the prior determinate term of 15 years in 2002.[4] On April 30, 2004, the court imposed the latter sentence of seven years four months, which included one year on each of the two section 667.5, subdivision (b) enhancements, to run

---

[4] As defense counsel pointed out at oral argument, in our tentative opinion, we erroneously wrote that the court had imposed sentence in "early 1999." Nothing in the record establishes exactly when the court imposed that sentence. Our opinion in *Muwwakkil* reflects that the offenses occurred on January 21, 2002. (*Muwwakkil, supra,* E032596.) Defendant filed an appeal from the judgment in that case on October 17, 2002. Thus, it would appear the court imposed judgment in that case in mid to late 2002. Nonetheless, the correct judgment date does not affect our analysis.

concurrently to defendant's prior 15 year determinate and 50 year to life indeterminate terms. (*Muwwakkil*, *supra*, E032596.)

Defendant has long since served both concurrent, determinate sentences; defendant would have served the former sentence, at latest, assuming he earned zero custody credits, in 2017; he would have served the latter sentence, at latest, again assuming he earned zero custody credits, in 2014. Thus, he is no longer currently serving a term for a judgment that includes a section 667.5, subdivision (b) enhancement. Therefore, the court properly denied defendant's request for a full resentencing hearing.[5]

Defendant, citing former section 667.5, subdivision (b) and *People v. Savedra* (1993) 15 Cal.App.4th 738, 746-747, incorrectly asserts that sentencing courts were not permitted to impose time on prior prison term enhancements *concurrently* to preexisting prison terms. He insists courts were compelled to impose them *consecutively* to all prior prison terms.

Rather, courts were only prohibited from imposing concurrent terms on the enhancements with respect to the substantive offenses *in that case*. (Former § 667.5, subd. (b); *People v. Savedra*, *supra*, 15 Cal.App.4th at pp. 746-747.) Nothing proscribed the sentencing court here from imposing the prior prison terms consecutively to the substantive offenses in that case, but concurrently to his preexisting sentence, which is exactly what the court here did. Moreover, as noted *ante*, defendant was required to

---

[5] As the court in *Escobedo* noted, "We are quick to observe that we would grant habeas corpus relief if it were shown that a prisoner was confined solely because of a now 'invalid' prior prison term." (*Escobedo*, *supra*, 95 Cal.App.5th at p. 447.)

serve his determinate terms first and then serve his indeterminate term. (*People v. Rodriguez*, *supra*, 207 Cal.App.4th at p. 211.) As noted *ante*, defendant has long since served both determinate terms. Thus, again, defendant is no longer *currently* serving a term for a judgment that includes a section 667.5, subdivision (b) enhancement. Therefore, he was not entitled to a full resentencing hearing.

## III. DISPOSITION

The court's order is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
Acting P. J.

We concur:

MILLER
J.

MENETREZ
J.